## ANDREW J. POPE *v.* MICHAEL DALTON.

AFFIDAVIT FOR CONTINUANCE.—An affidavit for a continuance, on the ground of the absence of material witnesses, should state that the absent witnesses are the only persons by whom the party can prove the same facts. It is not sufficient to state that the party *has* no other witnesses by whom he expects to prove the same facts.

PROOF OF POSSESSION OF DEFENDANT IN EJECTMENT.—When the possession of the defendant is put in issue by the answer in ejectment, his possession at the commencement of the action is a material fact which the plaintiff must prove before he can recover.

ESTOPPEL IN RELATION TO POSSESSION OF LAND.—If the plaintiff finds the defendant in possession, and the defendant claims to be in possession, and on the faith of this claim plaintiff soon after sues him to recover possession, the defendant is not estopped from denying on the trial that he was in possession when the suit was commenced.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*E. A. Lawrence,* for Appellant, argued the defendant was not estopped from denying that he was in possession ; that the doctrine of estoppel could have no application, as it was not mutual.

*G. F. & W. H. Sharp,* for Respondent.

By the Court, CURREY, C. J. :

Ejectment for a lot of land in the City of San Francisco. The jury impanelled to try the cause found a verdict for the plaintiff on which judgment was entered. The defendant moved for a new trial, which was denied, and has appealed from both the judgment and order denying a new trial.

I. When the cause came on to be tried the defendant moved for its continuance on the ground of the absence of certain witnesses named, whom he deposed were necessary and material witnesses for defendant, without whose testimony he could not safely proceed to trial, and that he had no other witnesses by whom he expected to prove the same state of facts. It is

exceedingly doubtful whether the facts which the defendant stated in his affidavit he expected to be able to prove by the absent witnesses were material to any issue joined in the cause. But were it conceded to be otherwise, the affidavit does not show that the absent witnesses were the only persons by whom he could prove the same facts. He deposed that he had not at the time he made the affidavit any other witnesses by whom he expected to prove the same state of facts. This will not do. There may have been and probably were many persons by whom he could have proved the same facts, and he may not have subpœnaed them or otherwise procured their attendance at the trial, and hence he could truly say he had no other witnesses than those named, by whom he expected to prove the specified facts.

II. The defendant assigns as error the refusal of the Court to nonsuit the plaintiff, on the ground that it was not proved that defendant was in possession of the premises when the action was commenced. From an examination of the record we think there was evidence before the jury on the point which authorized the submission of the case to them for their consideration and verdict.

III. The Court charged the jury that "if the plaintiff sent his agent out to the property to look after it, and such agent found defendant in possession, who claimed to be in possession, and on the faith of what defendant claimed instituted this suit, then the defendant is estopped from denying he was in possession at the commencement of this action." To this charge the defendant excepted, and we think the exception well taken. The doctrine of estoppel has no application to the case. The defendant by his answer put in issue each and every material allegation of the complaint, and whether he was in possession of the premises at the time the action was commenced was a material issue which the plaintiff was bound to prove before he was entitled to recover. The fact that the defendant was in possession when the plaintiff's agent saw him on the premises, coupled with the further fact that he "claimed to be in possession," could not have the effect to estop him from saying

he was not in possession when the action was commenced, notwithstanding the plaintiff, acting on what his agent had seen and heard from the mouth of the defendant, brought his action to recover the possession of the property.

Judgment reversed and new trial ordered.