## OZARK LAND CO. *v.* LEONARD.

*(Circuit Court, E. D. Arkansas.* April Term, 1884.)

1. EJECTMENT—POSSESSION BY DEFENDANT—ARKANSAS RULE.
   In Arkansas, before the plaintiff can recover in ejectment, he must show that at the time of the commencement of the action the defendant was in possession.

2. POSSESSION—CUTTING AND HAULING OFF TIMBER, NOT.
   The mere act of cutting timber on land, and hauling it off, is not such possession of the land as will entitle the owner to maintain ejectment against the trespasser, and occasional intrusions of this sort do not constitute possession, whether done under claim of title or not.

In Equity.
*John B. Jones,* for plaintiff.
*T. W. Brown* and *O. P. Lyles,* for defendant.

CALDWELL, J. This a suit to remove a cloud from title to lands. The defendant has demurred to the bill. All the questions raised by the demurrer have been decided in *Lamb* v. *Farrell,* 21 FED. REP. 5, save one.

The one question remaining to be decided arises on this clause of the bill:

"Your orator further represents that no person whatever is in the actual possession of said lands; that your orator, by virtue of being the legal owner of said lands, is in constructive possession thereof; that said lands are wild and uncultivated lands, and chiefly valuable for the timber standing and growing thereon; that said lands are well timbered, and valuable for such timber. Your orator further represents that said J. W. Leonard is trespassing on said lands, and cutting and hauling off the most valuable trees, and is using said clouds, and pretending to be the owner of said lands by virtue of said conveyances."

And as a basis for an injunction (not moved for) it is further alleged that the defendant is a non-resident and insolvent.

It is said this clause of the bill shows the defendant is in possession of the lands, and that as the plaintiff claims to hold the legal title he has an adequate remedy at law. The statute of this state requires the action for the recovery of real property to "be brought against the person in possession;" and to entitle the plaintiff to recover, he must show "that at the time of the commencement of the action the defendant was in possession." Gantt, Dig. §§ 2251, 2258. Whether the defendant was in possession at the commencement of the suit is an issuable fact; and unless the plaintiff proves the affirmative to the satisfaction of the jury, he must fail in his suit. Tyler, Ej. & Adv. Enj. 472; *Owen* v. *Fowler,* 24 Cal. 192; *Owen* v. *Morton,* Id. 373; *Pope* v. *Dalton,* 31 Cal. 218; *Williamson* v. *Crawford,* 7 Blackf. 12; *Pope* v. *Pendergrast,* 1 A. K. Marsh. 122.

The bill alleges that no one is in possession of the lands, and that they are wild and uncultivated. It is true, the bill further alleges

that the defendant is trespassing on the lands by cutting and hauling off timber. But the mere act of cutting timber on land, and hauling it off, is not such possession of the land as will entitle the owner to maintain ejectment against the trespasser. Occasional intrusions of this sort do not constitute possession, whether done under claim of title or not. It is not a claim of title, but "possession," that the statute of this state makes essential to the successful maintenance of an action of ejectment. It is clear, the facts set out in the bill would not amount to adverse possession on the part of the defendant. "Going upon land from time to time, and cutting logs thereon, does not give possession. Such acts are mere trespasses upon the land against the true owner, whoever he may be. * * * But it never was supposed that the hunter had possession of the forest through which he roamed in pursuit of game; and no more can a wood-chopper be said to possess the woods into which he enters to cut logs." *Thompson* v. *Burhans*, 79 N. Y. 93; *Austin* v. *Holt*, 32 Wis. 478, 490; *Washburn* v. *Cutter*, 17 Minn. (Gil.) 335; 3 Washb. Real Prop. 133, 134.

There is nothing on the record to show the land is not susceptible of actual occupation, cultivation, and improvement. The case is not within the rule of *Ewing* v. *Burnet*, 11 Pet. 41, and *Door* v. *School-dist*. 40 Ark. 237.

Under the consent rule, in the old form of the action of ejectment, the defendant was compelled to confess lease, entry, and possession, or pay the costs of suit, and the plaintiff could bring another action, (3 Bl. Comm. 205; Tyler, Ej. 458, 472;) and in many of the states, by statute, actions of ejectment may now be brought against persons claiming title or interests in real property, although not in possession. *Harvey* v. *Tyler*, 2 Wall. 328, 348; Tyler, Ej. 458, 472. But neither of these rules, as we have seen, have application here. In this state a verdict and judgment in ejectment is final and conclusive on the title and right of possession put in issue by the pleadings. Where this is the rule it is difficult to perceive why the possession of the land by the defendant should be an indispensable prerequisite to the plaintiff's right to have the merits of their respective titles tried at law. It is probably another instance of the continuance of a rule after the reason for it has ceased to exist, and after it has become an obstruction rather than an aid to the administration of justice. However this may be, the old rule is imbedded in the statute law of this state, and the courts are powerless to change it.

Section 723 of the Revised Statutes of the United States provides that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law;" but the supreme court say: "This is merely directory of the pre-existing rule, and does not apply where the remedy is not plain, adequate, and complete; or, in other words, where it is not as practical and efficient to the ends of justice, and to

its prompt administration, as the remedy in equity." *Oelrichs* v. *Spain,* 15 Wall. 211, 228.

On the face of the bill it is not "plain" the plaintiff could successfully maintain an action of ejectment against the defendant, if he should, as he probably would, deny his possession. On the contrary, it is quite plain the defendant would have the verdict on that issue.

Demurrer overruled.