August Buesing v. John M. Forbes.—Syllabus.

The judgment of the court is that the motion to quash the return is sustained, and an order will be entered accordingly.

AUGUST BUESING, APPELLANT, VS. JOHN M. FORBES, APPELLEE.

1. Where a surveyor would have no difficulty in locating the land sued for in an action of ejectment from the description given in the declaration, such description is sufficient.

2. A plea in an action of ejectment setting up nothing as a defense of which the defendant could not avail himself under the plea of not guilty, may be stricken out by the court on motion.

3. The effect of the plea of not guilty, standing alone, under Section 3, Chapter 3244, laws of 1881, is to admit possession by the defendant, and if the defendant desires to defend on the ground that he is not in possession, or, in case of adverse claimant, that he does not occupy adversely, it must be done by special plea. The two pleas are not inconsistent with each other and may be filed together in the same action, and it is error for the court to refuse the defendant the right to do so when desired.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for Appellant.

*W. B. Young* for Appellee.

MABRY, J.:

The action is ejectment. Forbes as plaintiff in the Circuit Court obtained judgment, and Buesing, the defendant there, appealed.

A demurrer to the declaration was overruled, and this ruling is assigned as error. It is insisted here that the description of the lot of land sued for is not sufficient. The declaration is the ordinary one filed in actions of ejectment, and the lot is described as a certain parcel of land "situate, lying and being in the county of Duval and State of Florida, and known and described as beginning at a stake at the southwest corner of a fence of said Buesing, which stake is north 10 degrees E. 230 feet from a stake which stands 118 feet east of the southeast corner of lot 2 in fractional section 22, township 2 south, range 26 east; thence north 13 degrees east 468 feet to a stake; thence south 87 degrees east 214 feet; thence south 13 degrees west 468 feet to a corner of said Buesing's fence; thence north 87 degrees west 214 feet to the place of beginning, containing one and three-tenths acres." This description is sufficient. Guided by it a surveyor would have no difficulty whatever in locating the land.

The defendant filed three pleas. The first one alleged that "it is not true as alleged in said declaration that the said land embraced within the fence of this defendant, as declared on in said declaration, lies east of said lot two (2) in fractional section 22, township 2 south, range 26 east." The second sets up that defendant was not in possession of the lot sued for, describing it as in the declaration; and the third is "not guilty."

On motion of the plaintiff the court struck out the first plea, and this ruling is assigned as error. This plea sets up nothing as a defense of which the defendant could not avail himself under the plea of not guilty, and the court did not err in striking it out; (Wade vs. Doyle, 17 Fla., 522; Neal vs. Spooner, 20 Fla., 38; Horne vs. Carter, *Ibid*, 45).

After striking out the first plea the defendant was required by the court, on motion of plaintiff, to elect between his plea denying possession, and the general issue, not guilty, and he elected to go to trial on the latter plea. The ruling of the court forcing this election was excepted to at the time and is assigned as error. This assignment of error must be sustained. The ruling excepted to was made, doubtless, under the impression that the pleas were inconsistent, and that the court had the right to require the defendant to elect between them. The statute of 1828 (sec. 118, McClellan's Digest, p. 838) provided that "in all cases the defendant or defendants may plead as many matters of law or fact as he, she or they may deem necessary to his, her or their defense; and it shall be no objection to any plea that it is contradictory to any other plea filed by the same party in the same cause." It was held in Sanford vs. Cloud, 17 Fla., 532, that the 14th section of Article VI of the Constitution of 1868, requiring all pleas to be sworn to, had the effect to prohibit the filing of inconsistent pleas, and to this extent the statute was repealed. It was also held that "whenever it plainly appears that a defendant has sworn to inconsistent pleas, the court may and should require the defendant to elect his defense, and upon such election should strike out the other inconsistent plea." This case was decided under the Constitution

of 1868. The one now before us arose after the revised Constitution of 1885 went into effect, but before the adoption of the Revised Statutes. If it may be successfully contended in this case that inconsistent pleas are prohibited, and if filed, the court may require of the defendant an election, it is clear that a defendant has the right under the statute to file as many pleas not inconsistent with each other as may be deemed necessary for his or her defense, subject only to the discretion of the court in allowing several pleas founded on the same ground of defense. Under the provision of the statute of 1859 (sec. 2 McClellan's Digest, p. 481), that "the plea of not guilty, put in by the defendant, shall put in issue the title of said land in controversy," it was held, in Jones vs. Lofton, 16 Fla., 189, that the plea of not guilty also put the allegation of defendant's possession in issue, and it was necessary for the plaintiff to prove such possession before he could recover. Subsequent to this decision an act of the Legislature was passed providing that "the plea of not guilty in ejectment shall be held to admit the possession of the defendant, or in case of an adverse claimant, the adverse claim of the defendant. Should defendant wish to deny possession, or that he claims adversely, it shall be done by special plea." (sec. 3, Chapter 3244, acts of 1881). The effect of the plea of not guilty, which puts in issue the title to the land in controversy, standing alone, is to admit possession by the defendant, since the passage of the act mentioned, and if the defendant desires to defend on the ground that he is not in possession, or in case of a claimant, that he does not occupy adversely, he must do so by special plea. The statute simply provides that the plea of not guilty unaccompanied with a special denial of possession

"shall be held to admit the possession of the defend-ant, or in case of an adverse claimant, the adverse claim of the defendant;" but authority is expressly given the defendant to avoid the effect of such admission by specially pleading *non* possession. The court erred in restricting the defendant to the plea of not guilty, as the two pleas were not inconsistent, and the defend-ant had a right to have the issue under the special plea of *non* possession submitted to the jury. As this er-ror in the making up of the issues in the cause will necessitate a reversal of the judgment, the subsequent assignments of error are not considered by us.

For the error pointed out the judgment is reversed for further proceedings not inconsistent with this opin-ion.