CHARLES H. GILL, *Plaintiff in Error,* v. J. M. GRAHAM AND B. F. HAMPTON, CO-PARTNERS AS GRAHAM & HAMPTON, *Defendants in Error.*

EJECTMENT—PLEADINGS IN—EVIDENCE.

1. In ejectment a plea of not guilty, and a plea denying possession of the premises sued for, are not inconsistent with each other and may be filed together in the same action.

2. When in ejectment the defendant interposes a plea denying possession of the premises sued for it is error to exclude competent evidence that tends to establish such plea.

This case was decided by Division B.

·Writ of Error to the Circuit Court for Lee County.

The facts in the case are stated in the opinion of the court.

*S. F. J. Trabue,* for plaintiff in error;

*H. S. Hampton,* for defendants in error.

TAYLOR, J.—The defendants in error, hereinafter referred to as the plaintiffs, sued the plaintiff in error, hereinafter referred to as the defendant, in an action of ejectment in the circuit court of Lee county for recovery of the possession of and adjudication of the title to, lot one (1) of Section Eight (8) in Township Forty-four (44) South in Range Twenty-one (21) East containing about 84.43 acres. The defendant filed two pleas: (1) Not guilty. (2) Denying that he was ever in possession of the land sued for. The trial resulted in a verdict and judgment for the plaintiffs, and for review of such judgment the defendant brings the case here by writ of error.

The premises in controversy comprises an island in Charlotte's Harbor on the Gulf coast of Florida, as will appear by the following plat reproduced from the official government surveys and maps of the premises and its adjacent surroundings.

N

PART OF

T 44 S. R 21 E.

SEC 6

PALMETTO KEY

SEC 8

SEC 7

POINT BLANCO

W                                    E

SEC 18

SEC 17

COSTA

SEC 19

S

The undisputed facts in the case show that the defendant Gill sometime prior to May 22, 1900, entered in the United States District Land Office as a government homestead entry lot two (2) of Section Seventeen (17) in Township Forty-four (44) south of Range twenty-one (21) east containing 98.72 acres of land, and that a United States patent was issued to him therefor on June 25th, 1901. That lot one (1) of section eight (8) in the same township and range (the premises in controversy), was certified by the United States to the state of Florida on April 20th, 1899, as school indemnity land, and that the same was conveyed by deed by the board of education of the state of Florida to the plaintiffs below, Graham & Hampton, on October 23rd, 1900. The plaintiffs do not in fact claim any rights to any part of section seventeen (17), but confine their claim to land lying in section eight, while the defendant below, Gill, in fact lays no claim to any part of section eight(8), but confines his claim entirely to land in section seventeen (17). But the plaintiffs at the trial attempted to show that Gill was really in possession of, and had all of his improvements upon their land in section eight (8). Gill joins issue in this and claims strenuously that he is in possession of, and has all of his improvements, that have consumed upwards of ten years in making, upon lot two (2) of section seventeen (17). So that the sole controversy between the parties is as to the physical identification of the land upon which the defendant Gill in fact resides and has his improvements with the designative numbers of his homestead entry and patent. The defendant raised this issue squarely by his special plea denying the possession of lot one (1) of section eight (8), the land sued for, as he is permitted to do by subdivision two of section 1968 General Statutes of 1906. It is true that he also filed a plea of not guilty, but as was held in Buesing v. Forbes, 33 Fla.

495, 15 South. Rep. 209, these two pleas are not inconsistent with each other and may be filed together in the same action. The defendant at the trial offered to prove his homestead entry upon and patent to lot two of section seventeen in said township and range, and offered to prove by various witnesses that he in fact was in possession of and had his improvements upon said lot two in section seventeen, and that he was not in possession of any part of section eight in the same township and range, and this according to the designative numbers given to said two respective plots of land by the United States government surveys and maps embracing the two plots. But the trial judge refused to permit such testimony to be introduced, and these rulings are assigned as error. The court below erred in these rulings. The defendant properly presented the issue by his plea disclaiming the possession of the lot of land sued for in the declaration, and under that plea he had the right to make any legitimate proofs that tended to show that he in fact was not in possession of and did not claim the land sued for, but claimed and was in possession of an entirely different tract according to the government surveys and numbered designation thereof. According to the government map of the territory reproduced above, the two respective plots embraced in the two holdings constitute two islands, surrounded by the waters of Charlotte Harbor, that lie nearly due north and south of each other at a distance of about a mile apart. The defendant Gill's homestead entry embracing the southern island and the plaintiff's purchase embracing the northern island. It will be observed too, from said map, that jutting out into the waters of the harbor between these two islands is "Point Blanco," a long narrow peninsular of land designated in part as section seven (7), and that if the north and south boundary lines of that subdivision thereof designated as lot No. 3 in this pen-

insular section seven, according to said map, were extended due east they should intersect lot one of section 8, the land in controversy. This map also represents said island lot one of section 8 as lying in a northeasterly direction from the outward extremity of said "Point Blanco." If *as a matter of fact* the defendant Gill is in possession of and has his improvements upon the island that lies northeast from the outward extremity of "Point Blanco," and due east from lot 3 of section 7 on said peninsular called "Point Blanco," then it would seem to be conclusive that he is in fact in possession of the plaintiff's land, and the plaintiffs should recover. On the other hand said map represents the defendant's homestead entry of lot 2 in section 17 to be located due south of, and at a distance of about a half mile from the outward extremity of said "Point Blanco," and due east of, and about one fourth of a mile from lots six and nine of section eighteen on a large adjacent island to the west called "Cayo Costa," and if it be shown in proof that the defendant Gill does in fact reside upon and has his improvements upon the island that lies due south from the outward extremity of "Point Blanco," and due east from lots 6 and 9 of section 18 on the large island called "Cayo Costa," then it would seem to be likewise conclusive that he was not in possession of the premises sued for and he should recover. All of these facts the parties have a right to prove by witnesses testifying from personal observation in conjunction with the points of the compass, and such evidence, irrespective of the official field-notes of the government survey of the territory would be legitimate and proper, and would not in anywise tend to impeach or vary the government survey or plat, but would tend to verify its accuracy. "Point Blanco" and "Cayo Costa" are permanent and immutable land marks; the official government survey and maps represent the plaintiffs island to

be northeast from "Point Blanco," and the defendant's island to be due south therefrom; it should be a very simple matter of proof by witnesses from personal observation, irrespective of the mystification of surveys' field notes, to say where the defendant actually has his possession, whether northeast of, or due south from the outward extremity of "Point Blanco," and any proofs tending to establish such fact are admissible in evidence.

The court below also erred in giving to the jury a peremtory charge to find for the plaintiffs.

The judgment of the circuit court in said cause is hereby reversed and a new trial awarded at the cost of the defendants in error.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.