A. J. BALDWIN, *Plaintiff in Error, v.* LAFAYETTE LAND COMPANY, A CORPORATION, *et al., Defendants in Error.*

1. An application for a continuance is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed by an appellate court, unless a clear abuse of this discretion is made to appear.

2. A person who receives property from an insolvent debtor in payment of an antecedent debt occupies a more favored position than a purchaser for a present consideration. A preferential transfer of property can not be declared fraudu-

lent as to other creditors, although the debtor in making it intended to defeat their claims, and the creditor had knowledge of such intention, if the preferred creditor, did not actually participate in the debtor's fraudulent purpose. If the only purpose of the creditor is to secure his debt, and the property is not worth materially more than the debt, the transaction is not fraudulent; and this is so, although the creditor knows that the debtor is insolvent, and that the transfer is of all the debtor's property, that there are other creditors, and the debtor is actuated solely by a desire to defraud his own creditors, and that the effect of the debtor's action will be to defeat them. But the creditor must act in good faith; for, if he takes the conveyance for the purpose of aiding in the fraud, it is void.

This case was decided by Division A.

Writ of error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinon of the court.

*Hardee & Butler,* for Plaintiff in Error;

*Hendry & McKinnon,* for Defendants in Error.

SHACKLEFORD, J.—A. J. Baldwin interposed a claim to certain personalty upon which an execution had been levied, which had issued upon a judgment recovered by Lafayette Land Company, a corporation, against W. L. Knight and L. A. Knight, partners, trading and doing business under the firm name and style of Knight Brothers. A trial was had upon such claim proceeding, which resulted in a verdict and judgment in favor of the plaintiff in execution, and such judgment the claimant has brought here for review by writ of error.

The first assignment is based upon the overruling of the motion for a new trial. Such motion contains eleven grounds, but we shall discuss only such grounds as we deem necessary for a proper disposition of the case.

The fourth ground is based upon the denial of the claimant's motion for a continuance. This calls for no extended treatment. When the case was called for trial the claimant was not present and his counsel sought a continuance because of his absence. As this court has repeatededly held, an application for a continuance is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed by an appellate court, unless a clear abuse of this discretion is made to appear. Moore v. State, 59 Fla. 23, 52 South. Rep. 971, wherein prior decisions will be found cited. It is sufficient to say that no such abuse of discretion is shown.

The fifth to the ninth assignments inclusive are based upon certain specified portions of the general charge given by the court. We do not deem it necessary to copy the portions of the charge so excepted to, nor shall we discuss these assignments in detail. The entire charge given by the court is copied into the bill of exceptions, and we have given the same our careful examination. While it is undoubtedly the law, as the defendants in error contend, and as we have frequently held, in determining the correctness of charges and instructions, they should be considered as a whole, and, if as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail, we are of the opinion that this principle cannot control here, for the reason that we are not able to say that the charge, taken as a whole, states the law correctly upon some of the points of which complaint is made. Without undertaking to

subject the charge to a rigid analysis, which does not seem called for, it would seem to be clearly violative of some of the principles enunciated in Jackson, Sheriff, v. Citizens Bank & Trust Co., 53 Fla. 265, 44 South. Rep. 516. We shall not repeat what is there said, further than to copy the holding as set forth in the second head note, which is as follows:

"A person who receives property from an insolvent debtor in payment of an *antecedent debt* occupies a more favored position than a purchaser for a *present consideration*. A preferential transfer of property cannot be declared fraudulent as to other creditors, although, the debtor in making it intended to defeat their claims, and the creditor had knowledge of such intention, if the preferred creditor did not actually participate in the debtor's fraudulent purpose. If the only purpose of the creditor is to secure his debt, and the property is not worth materially more than the debt, the transaction is not fraudulent. And this is so, although the creditor knows that the debtor is insolvent, and that the transfer is of all the debtor's property, that there are other creditors, and the debtor is actuated solely by a desire to defraud his own creditors, and that the effect of the debtor's action will be to defeat them. But the creditor must act in good faith, for, if he takes the conveyance for the purpose of aiding in the fraud, it is void."

The charge complained of would seem to have told the jury in effect that if the evidence established that the sale of the property embraced in the claim proceeding was made to the claimant, before judgment was obtained by the plaintiff in execution, by the defendants in execution, with the intention on their part to hinder, delay or defraud their creditors, that such sale was void, and that the jury should render a verdict in favor of the plain-

tiff in execution. The error in so charging the jury is obvious. It is in direct conflict with what was said in the case just cited and therefore calls for a reversal of the judgment. Further discussion of the assignments predicated upon the charge is not called for, and it would be improper for us to express any opinion as to the sufficiency of the evidence to support the verdict.

We would call attention to the discussion in Cohen v. Harris, 61 Fla. 137, 54 South. Rep. 905, concerning some of the fundamental principles governing claim proceedings.

Judgment reversed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.