R. J. BOLLES, *Plaintiff in Error*, v. JAMES M. CARSON, *Defendant in Error*.

Opinion Filed February 24, 1917.

1. It is the duty of counsel for appellee or defendant in error to file in this court a brief, maintaining the correctness of the proceedings and judgment of the trial court.

2. An application for the continuance of a cause is always addressed to the sound discretion of the court, and must be left to the tribunal which has the parties before it, and who must

determine from a variety of circumstances occurring in its presence whether such applications are made in good faith.

3. In deciding upon the sufficiency of an affidavit for continuance, no presumption favorable to the applicant is to be indulged.

4. An appellate court will not reverse a judgment because the trial court denied a motion for a continuance of a cause, unless there has been a palpable abuse of discretion by the trial court, to the detriment of the party applying for the continuance, clearly and affirmatively shown by the transcript of the record.

Writ of Error to Circuit Court for Broward County; H. Pierre Branning, Judge.

ELLIS, J., took no part.

Judgment affirmed.

*Thomas B. Norfleet,* for Plaintiff in Error.

No appearance for Defendant in Error.

PER CURIAM.—James M. Carson instituted an action at law against R. J. Bolles. The declaration contains the common counts and also a count upon a contract alleged to have been entered into by, and between the plaintiff and the defendant whereby the plaintiff was employed by the defendant as an attorney at law to perform certain services for the defendant, which services are alleged to have been performed in part and that the plaintiff stood ready and willing at all times to perform the contract in full, but that the defendant had repudiated the contract and had refused to pay to the plaintiff the amount which still remained due thereon. A bill of particulars was at-

tached to the declaration.  The defendant filed the following plea in abatement:

"R. J. Bolles, defendant, by his attorney, P. A. Vans Agnew, for plea in abatement of the writ and declaration herein filed says:

"First:  That he is not a resident of the County of Broward and the State of Florida, but he is a resident of the County of Duval and the said State of Florida;

"Second:  That the several supposed promises and undertakings and causes of action in the said declaration mentioned (if any such were made) did not occur and accrue in the said County of Broward and State of Florida, but so occurred and accrued in the said County of Duval and State of Florida.

"And this the said R. J. Bolles, defendant, is ready to verify.

"Wherefore this defendant prays judgment of the said writ and declaration and that the said suit may be abated."

The plaintiff joined issue upon this plea and the case was called for trial on the 29th day of April, 1916, when the defendant filed the following motion for a continuance:

"Comes the defendant, by his attorneys P. A. Vans, Agnew and Thos. B. Norfleet, and moves the court to grant him a continuance of the above cause until the next term of this court, and for reasons of said motion says:

"That the defendant who is a material witness in his own behalf in this cause, has, within the last few days, become sick and is now in such a physical condition that it is unsafe and almost impossible for him to travel from his home to Jacksonville, Fla., to Ft. Lauderdale, Fla., in order to be present at this hearing; that such sickness and consequent inability to travel, is of such recent develop-

ment that it has been impossible to take his deposition, but that, if present, defendant would testify that he is not a resident of Broward County, Fla., but is a resident of Duval County, Fla.; that the contract relied upon by the plaintiff in this cause and upon which this suit is based was not entered into in Broward County, Fla., and that the cause of action set out in plaintiff's declaration did not accrue in said County of Broward.

"That such facts are very material to the defense in this cause and cannot be proved by any other witness."

To this motion was attached the following affidavit:

"Personally appeared before the undersigned authority, Thos B. Norfleet, who upon his oath states that he is one of the attorneys for the above named defendant and that as such he files the foregoing motion; that the matters and facts set out in said motion he believes to be true, and that said motion is not filed for the purpose of delay only, but that justice may be done the defendant in said cause."

The following proceedings thereupon took place:

"Said motion coming on to be heard on the 29th day of April, 1916, during term time, the following evidence was introduced for the same, (which said evidence was and is attached to the foregoing motion and affidavit of continuance, marked Exhibit 1):

"Dr. Edward R. Liell,
"140 West Monroe Street
"Jacksonville, Florida.

"April 28, 1916.

"*To the Honorable Justice H. P. Branning, Ft. Lauderdale, Fla.*

"Dear Sir:—This is to certify that Mr. R. J. Bolles has been a patient of mine for the past six years. That he is at present under my professional care for a cardic-

renal trouble with arterial hypertension; his blood-pressure is 154, being above the maximum normal.    This condition is associated with frequent attacks of vertigo, palpitation, extreme flatulent distension of the stomach, distress in breathing, etc.

"In my opinion, Mr. Bolles is in no condition to attend at court or to stand trial at this time; he is in need of both mental and physical rest, for a month or so at least; at the end of which time I have it in hope he will be in condition to fulfill the duty required of him.

"Signed,    EDWARD N. LIELL.

"Sworn to and subscribed before me this 28th day of April, 1916.                                 "A. F. WILSON.

"Notary Public, State at Large.
"(N. P. Seal.)       My commission expires May 15, 1918.
"Exhibit 2.

"(Attached to motion for continuance and submitted in evidence).

"P. A. VANS AGNEW,
"ATTORNEY-AT-LAW,
"HEARD NATIONAL BANK BUILDING,
"JACKSONVILLE, FLORIDA.
"26 April, 1916.

"Mr. Thomas B. Norfleet,
"Ft. Lauderdale, Fla.
"In re:   Carson vs. Bolles.
"Dear Sir:
"Referring to your telegram of yesterday.   Mr. Bolles and I will leave Jacksonville tomorrow, Thursday night, and arrive at Ft. Lauderdale Friday morning, and we will go on straight to the court house from the train.

"Will you kindly advise the court of this fact so that in case the train should be late he may kindly excuse us for any delay.

"Your assistance in the trial of the case will be greatly appreciated.

"Yours very truly,

"P. A. VANS AGNEW.

Pava bs.

"Exhibit 3.

"(Attached to motion for continuance and submitted in evidence).

"WESTERN UNION TELEGRAM.

"Received at Ft. Lauderdale, Fla. 128 JJ 48 Blue
"St. Augustine, Florida, 425 PM Apr. 27th.
"T. B. Norfleet,

"Just received telegram from Clerk Circuit Court that Bolles case postponed till Saturday also telephone message that Mr. Bolles is sick and unable to leave Jacksonville for several days. Please explain his condition to Judge Branning. I will send you doctor's certificate tomorrow. Please wire me Jacksonville tonight.

"P. A. VANS AGNEW.

"504 PM.

"Exhibit 4.

"(Attached to motion for continuance and submitted in evidence).

"RECEIVED AT FT. LAUDERDALE
"56 JJ 13M
"Jacksonville, Florida, 1145 am Apr 28th.
"Thomas B. Norfleet.

"Motion for continuance with Doctors Certificate attached mailed you one thirty train today.

"P. A. VANS AGNEW.

"1149 am.

"Upon conconsideration of said motion by the Court,

the same was overruled; and the order of the court on said motion is in the words and figures following, to-wit:

"In the Circuit Court of the Eleventh Judicial Circuit in and for Broward County, Florida.

"James M. Carson,
              Plaintiff,
        versus
"R. J. Bolles,
              Defendant.

"This cause coming on to be heard on motion of defendant for a continuance as filed herein, and the court having heard the argument of counsel, and being fully advised in the premises, and Thomas B. Norfleet, Esq., 'affiant in said motion for continuance having been sworn and testified that the said affidavit was made from the information and belief, from the letters and telegrams attached to said affidavit, and from the doctor's certificate thereto attached and from the files of the said cause, and not from personal knowledge, and the court being fully advised in the premises:

"It is thereupon ordered that the said motion for continuance be, and it is hereby denied, to which ruling the defendant excepts.

"Done and ordered at Fort Lauderdale, Florida, this 29th day of April, A. D. 1916."

The denial of this motion forms the basis for the first assignment of error. After such denial, the cause came on for trial before a jury, when Jas. M. Carson was introduced as a witness in his own behalf and was examined and cross-examined. No further testimony being offered by either party, at the request of the plaintiff, the court directed a verdict in favor of the plaintiff, upon which a final judgment was entered. The defendant filed a motion for a new trial, which was overruled and which rul-

ing forms the basis for the 2nd and 3rd assignments, the only remaining assignment being that the court erred in entering judgment.

This is another of the many cases in this court in which the defendant in error has not seen fit to favor us with a brief, but has left us to make an independent investigation for authorities in support of the judgment rendered.  As we have several times held:  "It is the duty of counsel for appellee or defendant in error to file in this court a brief, maintaining the correctness of the proceedings and judgment of the trial court."   Chamberlain v. Lesley, 39 Fla. 452, 22 South. Rep. 736; Pinney v. Pinney, 46 Fla. 559, text 570, 35 South. Rep. 95; First National Bank of Pensacola v. Hirschkowitz, 46 Fla. 588, text 594, 35 South. Rep. 22; Mizell Live Stock Co. v. J. J. McCaskill Co., 59 Fla. 322, 51 South. Rep. 547; Morgan v. Eaton, 59 Fla. 557, text 560, 51 South. Rep. 814.

Again and again we have ruled that "An application for the continuance of a cause is always addressed to the sound discretion of the court, and must be left to the tribunal which has the parties before it, and who must determine from a variety of circumstances occurring in its presence whether such applications are made in good faith."   Livingston v. Cooper, 22 Fla. 292, citing other decisions of this court.   Also see the discussion in Reynolds v. Smith, 49 Fla. 217, 38 South. Rep. 903, wherein we held that "In deciding upon the sufficiency of an affidavit for continuance, no presumption favorable to the applicant is to be indulged."   We call attention to the fact that the plea in the instant case upon which issue was joined is a plea in abatement, not a plea to the merits. As to whether or not the defendant had a meritorius defense to the action does not appear.   Be that as it may, we are of the opinion that it is not clearly and affirma-

tively shown by the record that there was a palpable abuse of discretion by the trial court, in denying the motion for a continuance, to the detriment of the defendant, therefore we must hold that this assignment has not been sustained.

An examination of the testimony given by the plaintiff, who was the only witness introduced in the case, which it would be profitless to set out, discloses that it is amply sufficient to sustain the verdict rendered. This being true and there being no testimony upon which a verdict could have been returned for the defendant, the trial court properly directed a verdict for the plaintiff, under the provisions of Section 1496 of the General Statutes of 1906. See Investment Co. v. Trueman, 63 Fla. 184, 57 South. Rep. 663.

The judgment is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.

ELLIS, J., took no part.