M. M. HALL, *Plaintiff in Error*, v. FLORIDA STATE DRAIN-AGE LAND COMPANY, A CORPORATION, *Defendant in Error*.

## En Banc.

### Opinion Filed March 28, 1925.

1. In jurisdictions where the application for a continuance is addressed to the discretion of the trial court, the introduction of affidavits or parol evidence in opposition to the motion is permitted.

2. In deciding upon the sufficiency of a motion and affidavit for continuance, no presumption favorable to the applicant is to be indulged.

3. In this State, an application for the continuance of a case is always addressed to the sound discretion of the trial court, and must be left to the tribunal which has the parties before it, and who must determine from a variety of circumstances occurring in its presence whether such applications are made in good faith. The determination of the trial Court of the sufficiency of the application will not be disturbed unless there has been a palpable abuse of such discretion by the trial Court, to the detriment of the party applying for the continuance, clearly and affirmatively shown by the transcript of the record.

4. In actions involving the title to lands originally patented by the United States to the State of Florida under authority of the so-called Swamp Land Acts, and subsequently deeded to individuals by the Trustees of the Internal Improvement Fund acting under the statutory powers vested in said Trustees, such deed from said Trustees is of itself *prima facie* evidence of title in the grantee, and such grantee will be entitled to recover possession of the land in the absence of proof of a former superior grant, or other evidence of superior title or right of possession overcoming the title conveyed by said Trustees.

5. In actions of ejectment, the plea of not guilty, and a plea of denying possession of the lands sued for, are not inconsistent pleas, and may be filed together in the same action. The latter plea, when filed, puts the plaintiff to proof of defendant's possession.

6. The evidence in this case fails to show, *prima facie*, the possession by the defendant of the lands described in the declaration.

7. It is extremely doubtful whether testimony *in haec verba* that a party is in possession of lands is of any weight, possession being often a matter of opinion. The facts should be shown which, in law, constitute possession.

A Writ of Error to the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Reversed.

*Gramling & Clarkson*, for Plaintiff in Error;

*H. L. Bussey*, for Defendant in Error.

STRUM, J.—This is an action in ejectment, the praecipe for summons in which was filed on December 13th, 1916. The declaration, filed on January 1st, 1917, alleges in substance that the defendant is in possession of "The West half of the North-west quarter of Section Two (2), Township Forty-four (44) South, Range Thirty-five (35) East," to which said land plaintiff claims title. On February 5th, 1917, the defendant filed a plea of "Not Guilty," and later filed a further plea "that he (the defendant) is not now and never has been in possession of the West half (W ½) of the Northwest quarter (NW ¼) of Section Two (2), Township Forty-four (44) South, Range Thirty-five (35) East, as in said declaration alleged." As far as the transcript discloses, no further proceedings were had in the case

until September 14, 1923, when a stipulation was entered into between the attorneys for the respective parties "that the above entitled cause will be tried at the next term of the Circuit Court, to-wit: the 2nd Tuesday in February, A. D. 1924." In addition to this stipulation, on January 10th, 1924, the defendant's attorney served upon the attorney for the plaintiff a further notice that the "defendant will insist upon a trial of such cause during the February term of the Circuit Court, A. D. 1924."

The case was called for trial by the Circuit Court on February 23, 1924, during said Term, at which time the defendant presented a motion for a continuance to the next Term, the affidavit in support of which sets out, in substance, that the defendant and his principal witnesses are old and feeble, all of them residing at distant points in the county and elsewhere, and unable by reason of their health, age and certain abnormal flood conditions, then obtaining around Lake Okeechobee, to travel to the county seat, by reason whereof it would be necessary to take their depositions. The affidavit further sets out the facts to which the defendant expected said witnesses to testify, and contains substantially all remaining essentials prescribed therefor by the familiar rules laid down in cases previously adjudicated. With leave of the trial court, the plaintiff, "to enlighten the court upon the truth of the facts set forth in said motion for continuance" produced several witnesses who testified at length in rebuttal, denying many of the material facts contained in the affidavit of the defendant. The court denied the motion for continuance.

Thereupon, the attorney who had represented the defendant in the presentation of the motion withdrew from any further connection with the case, and the case proceeded to trial, neither the defendant nor any attorney representing him being present, and no evidence being offered on behalf of the defendant.

At the conclusion of the evidence the court directed the jury to find a verdict for the plaintiff, consequent upon which final judgment was entered.

The defendant, plaintiff in error here, assigns as error the action of the trial court in admitting the oral testimony of witnesses in rebuttal of defendant's affidavit supporting the latter's motion for continuance; the denial of defendant's motion for continuance; and the action of the court directing a verdict for the plaintiff. The plaintiff in error contends, in connection with the latter assignment, that the defendant in error failed to trace his title back to its ultimate source or to a grantor in actual possession, and that the defendant in error failed to prove that the plaintiff in error (defendant below) was in possession of the lands described in the declaration.

In jurisdictions where the application for a continuance is addressed to the discretion of the trial court, the introduction of affidavits or parol evidence in opposition to the motion is permitted. In passing upon a motion for continuance, the trial judge is vested with a broad discretion. In order that such discretion may be soundly and justly exercised, there must also exist the power for that judge, within reasonable limits, to further inform and enlighten himself, if necessary, upon the matters presented by the movant in support of the motion for continuance. In deciding upon the sufficiency of a motion and affidavit for continuance, no presumption favorable to the applicant is to be indulged. Bolles v. Carson, 73 Fla. 504, 74 South. Rep. 509; Reynolds v. Smith, 49 Fla., 217, 38 South. Rep. 903. Of necessity, therefore, the trial judge can not be confined to the four corners of the motion and affidavits presented by the applicant. This court has held that the Sheriff's return on process may be looked to in order to ascertain the correctness of a statement in the affidavit for continuance concerning service of the process. Dansey v.

State, 23 Fla. 316, 2 South. Rep. 692. While there is some conflict in the earlier authorities, the weight of authority now sanctions the admission of counter affidavits and oral evidence upon the question of lack of diligence in procuring the testimony of an absent witness, or want of good faith in making the application, or improbability that the proposed testimony can be obtained at the time to which it is proposed to postpone the trial, or at all, or to contradict an averment that an absent witness is sick, and other similar matters strictly pertaining to the application. Scott v. Cleveland, 110 Ark. 9, 160 S. W. Rep. 868; George v. Swafford, 75 Iowa 491, 39 N. W. Rep. 804; Cushenberry v. McMurray, 27 Kan. 328; Webb v. Wegley, 19 N. D. 606, 125 N. W. Rep. 562; 6 R. C. L. 566. There was therefore no error in admitting the rebuttal testimony hereinabove mentioned.

In Bolles v. Carson, 73 Fla. 505, 74 South. Rep. 509, and in many other cases, this court has held that an application for the continuance of a cause is always addressed to the sound discretion of the trial court, and must be left to the tribunal which has the parties before it, and who must determine from a variety of circumstances occurring in its presence whether such applications are made in good faith. The determination of the trial court of the sufficiency or insufficiency of the application, and the order thereon will not be disturbed unless there has been a palpable abuse of such discretion by the trial court, to the detriment of the party applying for the continuance, clearly and affirmatively shown by the transcript of the record. The formal stipulation entered into by counsel for the respective parties on September 14, 1923, that this cause should be tried at the February Term, 1924, and the further notice served by the attorney for the defendant upon the attorney for the plaintiff on January 10, 1924, that the defendant would insist upon a trial of said cause at the February Term,

when considered in connection with the conflicting testimony in respect to the inability of the defendant to procure the attendance of his witnesses, afford ample justification for the view taken by the trial court, and there was therefore no abuse of discretion in denying the motion for a continuance.

To prove its title to the land described in the declaration, the plaintiff introduced in evidence a certified copy of the Field Notes of the survey made by the State of Township 44 South, Range 35 East, together with a certified blue print copy of the original plat of said Township. The plaintiff also introduced a deed, dated December 5th, 1907, from the Trustees of the Internal Improvement Fund to Louisville and Nashville Railroad Company and divers subsequent *mesne* conveyances terminating with a deed, dated October 8, 1908, from R. J. Bolles to the plaintiff, all of which, in the aggregate, appear to form a connected chain of conveyances from the Trustees of the Internal Improvement Fund down to the plaintiff. No testimony was offered as to possession of the lands by the plaintiff or any of its predecessors in title at the time such deeds were executed, or at any former time. The well established rule in this State is that except in cases where there is a claim of title in plaintiff and defendant from a common source, in order to recover in ejectment plaintiff must prove prior possession in himself, or deraign his title either from some predecessor in possession or from an original or ultimate source. Bunch v. High Springs Bank, 81 Fla. 450, 89 South. Rep. 121, and cases cited. There being no proof of possession in plaintiff or any of its predecessors, does the series of connected conveyances from the Trustees of the Internal Improvement Fund down to the plaintiff constitute a deraignment of plaintiff's title from its original or ultimate source? It should be borne in mind that the lands involved in this suit were originally patented by the United

States to the State of Florida under authority of the so-called Swamp Land Acts, and, by authority of Section 617, General Statutes of Florida, conveyed by the Trustees of the Internal Improvement Fund to the Louisville and Nashville Railroad, plaintiff's remote predecessor in title. Although the original sovereignty of the soil might be such as to create the necessity, when dealing with certain types of lands, to deraign title thereto from the United States as the original or ultimate source of title, as was pointed out in Florida Southern Railway Company v. Burt, 36 Fla. 497, 18 South. Rep. 581, this court, when dealing with the type or character of land here involved, has several times held that a deed from the Trustees of the Internal Improvement Fund is of itself *prima facie* evidence of title in the grantee, and such grantee would be entitled to recover possession of the land in the absence of proof of a former superior grant, or other evidence of superior title or right of possession overcoming the title conveyed by the Trustees. Groover v. Coffee, 19 Fla. 61; Bell v. Kendrick, 25 Fla. 778, 6 South. Rep. 868; Morgan v. Dunwoody, 66 Fla. 522, 63 South. Rep. 905. The word "grantee," used in this connection, embraces not only the immediate grantee of the Trustees, but also subsequent grantees in the chain of title. Therefore, the introduction by the plaintiff of the deed from the Trustees, together with the subsequent connected chain of conveyances terminating in the deed to itself, made out a *prima facie* title sufficient to put the defendant to proof.

In actions in ejectment, a plea of not guilty, and a plea denying possession of the lands sued for, are not inconsistent with each other and may be filed together in the same action. Gill v. Graham & Hampton, 54 Fla. 259, 45 South. Rep. 845; Buesing v. Forbes, 33 Fla. 495, 15 South. Rep. 209. Although by Section 3236, Revised General Statutes of Florida, 1920, the plea of Not Guilty admits

the possession of the defendant, the same section allows the filing of a special plea denying such possession. Such a plea is a specific denial of a material allegation of plaintiff's declaration, and puts the plaintiff to proof. Bailey v. Selden, 124 Ala. 403, 26 South. Rep. 909; Ely v. Pace, 139 Ala. 293, 35 South. Rep. 877; Pope v. Dalton, 31 Cal. 218; Millikin v. Sessoms, 173 N. C. 723, 92 S. E. Rep. 359; St. Louis, A. & S. R. Co. v. Hamilton, 158 Ill. 366, 41 N. E. Rep. 777. See also, Gill v. Graham, *supra;* Buesing v. Forbes, *supra.*

The plaintiff attempted to prove possession of the lands involved by introducing in evidence copies of a series of letters passing between the defendant and the Governor of Florida and between the defendant and the Commissioner of Agriculture, which copies were certified by the Commissioner of Agriculture to be "a true and correct copy" of said letters. In the absence of the defendant and his counsel, there was no objection to the introduction of such copies in evidence. We have examined these letters with care, and assuming the same to be properly identified and authenticated so as to enable them to be placed in evidence before the jury, we find the contents thereof wholly insufficient to make out a *prima facie* showing of possession by the defendant of the land described in the declaration. The land described in the declaration is the W ½ of NW ¼ of Section 2, Township 44 South, Range 35 East. Whenever in said letters the defendant made specific mention of the description of the lands occupied by him, he expressly declared the same to be the E ½ of NE ¼ of Section 3, Township 44 South, Range 35 East. Nowhere does the defendant admit in his letters that his lands are within Section 2, nor does he at any time admit a location thereof sufficiently definite to identify and accurately locate the same as being the W ½ of NW ¼ of said Section two, or any part thereof. The letters of the Commissioner, even if they would bind

the defendant, do not undertake to definitely assert the defendant to be within the lands described in the declaration. The most definite assertion of the Commissioner is that "It *appears* that the lands on which you made settlement are located in Séc. 2, T 44, R. 35." What part of the Section, however, is not disclosed. Even if the letters of the Commissioner contained a definite and explicit statement to the effect that the defendant was in possession of the lands described in the declaration, this court has heretofore said that it is extremely doubtful whether testimony *in haec verba* that a party is in possession of lands is of any weight. Possession may often be a matter of opinion. In proving possession of land, the facts should be shown which in law constitute possession. Horton v. Smith-Richardson Inv. Co., 81 Fla. 255, 87 South. Rep. 905; Florida Southern Ry. Co. v. Burt, *supra*.

The possession of the defendant being specifically denied by plea, and the plaintiff having failed to show *prima facie* the possession by the defendant of the lands described in the declaration, the trial court erred in directing a verdict for the plaintiff, and the judgment is therefore reversed.

Reversed.

WEST, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.