**CATHERINE HAZEN v. MARIE SHAW WILLIAMS and EVA SHAW DAVIS, Administratrices of the Estate of Dow G. Shaw, deceased.**

30 So. (2nd) 532 · January Term, 1947
May 20, 1947 · Special Division A

*J. Ollie Edmunds,* for appellant.
*Waybright & Waybright,* for appellee.

HOLT, Associate Justice:

Appellant sued appellees, as administratrices of the estate of Dow G. Shaw, for certain personal work rendered the deceased and upon a promise by him to bequeath her a one-third share of his estate upon his death for caring for him during the last years of his life.

The declaration was in four counts, to which were filed

pleas of the general issue. Thereafter the cause was set for trial in the Spring term of court, 1946. The appellant, on the 5th day of June, 1946, secured a continuance from the Circuit Judge of the case for the term. In the Fall term of court the case was again set for trial, and on the 7th of December, 1946, the attorneys for the appellees withdrew with the consent of the court.

Thereafter, appellant filed a motion for continuance, wherein she alleged extensive negotiations with the attorneys (who had withdrawn) for an amicable settlement of the matter, and that a tentative agreement for the same had been made, but had not yet been accepted by the appellees. It is further stated that the appellant was engaged in the operation of a rooming house in the State of Indiana and could not come to Florida. Moreover, she plead reliance upon representations which her attorney had made, that it would not be necessary for her to come to Jacksonville on December 16, 1946, since the cause would be settled.

At the time this motion for continuance was made (December 16, 1946) the appellees were not represented by counsel. The court denied the motion for a continuance after having interrogated the former counsel for the appellees, as well as the attorney for the appellant, and denied said motion and set the cause for trial December 20, 1946. On the latter date, appellant filed another motion for continuance, alleging the ill health of appellant, together with reliance made in good faith upon representations that the settlement of the cause had been made on December 5, 1946; that the appearance of additional counsel for the appellees was not made until December 16, 1946, which was the first knowledge that the appellant's attorney had of the new representation; that from December 9, 1946, to December 16, 1946, the appellees were not represented by any attorneys. This last motion for continuance was denied.

The sole question to be decided is whether the Circuit Judge abused his discretion in dismissing such cause for lack of prosecution.

This is a suit against an estate. The statute of limitations has run for filing claims and bringing another suit on this

same subject matter. Hence the dismissal and affirmance thereof would forever deny appellant the right to present her cause to a legal tribunal.

While it may be said that the attorney for appellant should have been more prompt in securing the testimony of his client, either in person before the court or by deposition, yet the circumstances present here are of such a character as to excuse him in that regard. The negotiations for a settlement, together with the withdrawal of original counsel, the lapse of time when no one represented the appellee, all were factors which combined to take the case out of the general rule, which Court has laid down from time to time on continuances and requests therefor. See Fain v. Cartwright, 132 Fla. 855, 182 So. 302; Raynolds v. Smith, 49 Fla. 217, 38 So. 903; Peacock v. Feaster, 51 Fla. 269, 40 So. 74; Wilson v. Johnson, 51 Fla. 370, 41 So. 395; Seaboard Air Line Ry. v. Scarborough, 52 Fla. 425, 42 So. 706; Baldwin v. LaFayette Land Co., 62 Fla. 129, 56 So. 943; Bolles v. Carson, 73 Fla. 504, 74 So. 509; Hall v. Florida State Drainage Land Co., 89 Fla. 312, 103 So. 828.

We, therefore, hold that the court below should grant appellant reasonable time within which to present her case, in accordance with the views expressed here.

Reversed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.