SWANN, Judge.
Plaintiffs-appellants filed a seven page amended complaint in chancery, with a ten page exhibit attached, praying for injunc-tive and other equitable relief. The defendant, Fairmount House, Inc., moved to have the action dismissed for failure to state a cause of action, and the court granted the motion, dismissing the cause with prejudice at cost to the plaintiffs. The plaintiffs now appeal from that order.
Neither the order nor the record on appeal indicates the grounds upon which the dismissal with prejudice was entered, and the appellee has failed to file a brief.
The plight of our court, with its heavy caseload, brings to mind the famous lines, of the English poet, Andrew Marvell (uttered under somewhat different circumstances) :
“Had we but world enough, and time, This coyness, Lady, were no crime.”
Appellate courts in Florida have, on-many occasions, commented on the failure- *93 of the appellee to file briefs. In Bolles v. Carson, 73 Fla. 504, 511, 74 So. 509, 510 (1917), it was stated:
♦ * * * * *
“* * * ‘It is the duty of counsel for appellee * * * to file in this court a brief, maintaining the correctness of the proceedings and judgment of the trial court.’ * * * ”
******
In Griffith v. Shamrock Village, Fla.1957, 94 So.2d 854, the Supreme Court stated:
******
“The appellee has not favored us with a brief and we do not have the benefit of its contentions in this matter. Briefs of the parties are of great assistance to this Court. If such were not true there would be no cause for allowing them to be filed. Failure to file a brief frequently reacts to the detriment of a party.
“Counsel who allows his name to be shown as representing a party in an appeal, or in any other legal proceeding, should either do that which is reasonably required to advance his client’s cause, or see to it that his reasons for not doing so are apparent to the client and to the court considering the matter.”
* * * * * *
In Jacksonville Tractor Company v. Nasworthy, Fla.App.1959, 114 So.2d 463, the court held:

“We take note of the fact that ap-pellees have not furnished this court with a brief. It does not appear that their counsel of record have been discharged or that they have made any showing for failure to submit a brief. Attention is invited to the fact that such neglect imposes an inordinate burden on the appellate court and is not conducive to the best interest of the client. Briefs on appeal are expected to be furnished by the attorney for appellee in the lower court, no matter how simple the issues may appear. If any cause exists for not preparing the brief, it should be seasonably reported to this court and counsel excused.”
******
In Trumbull Chevrolet Sales Co. v. Motor Vehicle Com’r, Fla.App.1961, 134 So.2d 40, the court made this comment on the failure of the appellees to file a brief:
* *****
“ * * * While such is not a common occurrence, it does happen with sufficient frequency to compel the observation that counsel will be well advised to perform that service to their clients and the appellate court. The trial judge is also entitled, as a matter of courtesy, if for no other reason, to have the active support of his rulings by those who, it must be assumed, influenced the result at the trial level.”
******
A general statement of the effect of the appellee’s failure to file a brief is set forth in 5 Am.Jur.2d Appeal and Error, § 688, p„ 132:
• “On the failure of the appellee to file a brief, the appellant is not entitled to a reversal as a matter of right, but the court may, within its discretion, handle the matter in a manner most consonant with justice and its own convenience. It will not search the record to find a. theory upon which to affirm the judgment and may confine itself to the objections raised by the appellant or treat the failure to file a brief as a concession of the truth of the facts as stated by appellant, or even as a confession of error, if the appellant’s brief appears reasonably to sustain such action.”
******
Unfortunately, much as we would like tO' search out and pursue the various legal theories upon which this cause might be affirmed, our caseload simply does not permit it. On its face, the complaint does- *94 not obviously appear to either fail to state a cause of action or be so lacking as to be unsusceptible to such amendment as would state a cause of action. In Fouts v. Margules, Fla.App.1957, 98 So.2d 394, we held that the plaintiff should be given leave to amend unless it is apparent that the complaint cannot be amended so as to state a cause of action.
We therefore reverse and remand to the trial court with instructions to permit the filing of an amended complaint.
Reversed and remanded.