BENNETT F. NEAL ET AL., APPELLANTS, VS. JOSEPH H. SPOONER, ET AL., APPELLEES.

1. Under the plea of not guilty in ejectment special pleas under the statute of limitations should be struck out. Evidence to prove adverse possession, or an adverse title, may be given under the general issue.

2. The record of a deed is not proper evidence, if objected to, without proof of an original duly executed. The original is not *per se* evidence, but its execution must be proved by evidence other than the certificate of proof or acknowledgment for record.

3. A tax deed, purporting on its face to have been executed within five days after the sale by the collector, is void.

4. At the trial and before a cause is submitted to the jury, the proceedings may be amended by striking out the name of a plaintiff, and also by inserting the name of a next friend of a plaintiff who is shown to be a minor, under the sixth section of the Practice Act of 1861.

5. The omission of a next friend to give a bond to secure the proceeds of a judgment to be recovered cannot be assigned as error by the defendant on appeal. He is not injured or prejudiced, and it does not concern him.

6. A judgment in ejectment in favor of the plaintiff should state the quantity of the estate recovered. This is required by the statute of 1881; and a judgment which does not show what estate is recovered and to be delivered must be set aside and a proper judgment entered by the court, conformable to the verdict.

Appeal from the Circuit Court for Jackson county.

This was an action of ejectment commenced October 24, 1881, in the names of Joseph H. Spooner, Francis M. Spooner, Sarah J. Spooner and Mary E. Spooner, as plaintiffs, against the appellants, Bennett F. and Benjamin H. Neal, in Jackson county.

The defendants pleaded as follows:

1. That they are not guilty.

2. That they hold possession of the lands described by

virtue of a tax deed made to them on the 7th day of October, 1872, they having purchased the same at a tax sale made on the 2d day of October, A. D. 1872, before the court-house door in Jackson county, by ——— Revenue Collector in and for said county, and said deed was duly admitted to be recorded on the 4th day of June, A. D. 1875, in the record of deeds in and for said county, and defendants have been in the adverse possession of the same ever since under said deed.

.3. That they have held adverse possession of said lands for more than seven years before the commencement of said action.

4. That since the purchase of said lands by defendants they have made valuable improvements upon the same to the value of $350.00, and have paid the taxes upon the same ever since, amounting to sixty dollars.

5. The defendants for plea say, that they went into possession of said lands in good faith, believing that they had a good deed to the same by virtue of a purchase at a tax sale in 1872, and a deed made thereunder, and have remained in possession of them ever since, making valuable substantial improvements upon the same, amounting in the aggregate to at least $350.00, and paid taxes to the amount of sixty dollars, which they desire may be allowed them in the event a judgment for possession should be rendered against them.

The plaintiffs joined issue on the first and fifth pleas, and moved to strike out the third and fourth pleas upon the ground that the said third plea is of matter not necessary to be specially pleaded, and that the fourth plea states nothing in defence of the action. The second and fifth pleas were demurred to as containing no ground of defence.

The motion to strike out the third and fourth pleas was

granted.  Plaintiffs demurred to the second plea sustained. Demurrer to fifth plea overruled.

Plaintiffs at the trial showed title by patent in Benjamin Spooner, who died about the close of the war leaving his widow, Mary E. Spooner, and the other plaintiffs, their children, in possession of the land.   In 1868 they removed to Georgia, leaving a tenant in possession. It was shown that Sarah J. Spooner was a minor at the time the suit was brought, and at the time of the trial.

Defendants offered in evidence a deed executed by the Clerk of the county, dated October 7, 1872, upon a sale by the Collector of Revenue, made October 7, 1872, (the date of the deed) for unpaid taxes, conveying the land to B. H. Neal.   This was objected to, there being no proof of the execution of the deed, and the objection was sustained.

Defendants then offered the record book of the county, containing a record of the deed.   This was objected to, the original deed being present and no proof offered of its due execution.   The objection was sustained and defendants excepted to the ruling.  (The execution of this tax deed by the clerk was proved for record by one of the subscribing witnesses before the same clerk who executed it.)

B. H. Neal testified that he had been in possession of the land ever since 1872, when he bought it, and that he had made improvements on it.   He also says that he bought the land at the tax sale for Mrs. Spooner, in his own name, and so wrote to her.   The improvements were worth $350, for building, clearing and fencing.

B. F. Neal testified that he also had been in possession since 1875, and had made improvements.

There is no testimony in the record showing whether any portion of the lands were enclosed or cultivated, or in what manner it had been occupied.

The jury, after being charged by the court, returned a

verdict for the plaintiffs, upon which judgment was rendered against defendants. A motion for a new trial having been denied the defendants appealed.

*D. L. McKinnon* for Appellants.

*J. F. McClellan* for Appellees.

THE CHIEF JUSTICE delivered the opinion of the court.

I. The appellants assign for error the ruling of the court in sustaining the plaintiff's demurrer to the second plea, and in sustaining the plaintiffs' motion to strike out the third and fourth pleas.

Upon examination of the second plea it is at once perceived that it sets up a claim of title and possession under a tax deed executed five days after the tax sale, whereas the statute forbade the execution of the deed until one year after the sale. The deed was, therefore, void upon its face. Besides this, this plea in terms alleges possession by defendants from June 4, 1875, less than seven years before the commencement of this suit. The plea further fails to set up the facts constituting an adverse possession or claim. The plea was, therefore, bad in substance and in law.

The third and fourth pleas were struck out, on motion, as being unnecessary and immaterial. If pleas of the statute of limitation or of adverse possession were proper, there is no fact alleged in these pleas which if proved would constitute a defence and they could not be sustained. They were properly struck out on motion.

In Wade vs. Doyle, 17 Fla., 522, 531, it was decided that under the plea of not guilty in ejectment, evidence to prove adverse possession is admissible, and a special plea of the statute of limitations should not be allowed and should be struck out.

II. Error is assigned in that the court refused to admit the record of the tax deed in evidence without other proof. This ruling was right upon several grounds. (1) No proof was offered in connection with the record to show the genuineness of the deed, the record under the statute not being *per se* evidence of its execution. Hogans vs. Carruth, 18 Fla., 587. (2.) This deed was void upon its face as already stated, its execution, at its date, being forbidden by statute.

III. Error is assigned in allowing appellees to amend their declaration by striking out the name of Mary E. Spooner, one of the plaintiffs, and in inserting after the name of Sarah E. Spooner, " a minor who sues by her next friend, Joseph H. Spooner," after the testimony was closed.

The record recites that after the testimony was closed plaintiff's counsel moved to amend the declaration by striking out the name of Mary E. Spooner as a plaintiff; also to insert after the name of Sarah J. Spooner the words, " a minor who sues by her next friend, Joseph H. Spooner," which motion was opposed by defendants' attorney and was granted by the court, to which the defendants excepted.

The act to amend the pleading and practice in the courts of this State, approved February 8, 1861, Chapter 1096, authorizes the Judge to exercise a large discretion in allowing amendments to pleadings and proceedings; and section 6 of that act (corresponding substantially to section 35 of the English Common Law Procedure Act of 1852) authorizes these amendments to be made by the Judge *at the trial* and before verdict, when it shall appear that there has been a mis-joinder of plaintiffs, or that some person or persons not joined as plaintiffs ought to have been so joined, and the defendant shall not at or before the time of pleading have given notice that he objects thereto, if it shall appear to the Judge that the mis-joinder or non-joinder was not for the purpose of obtaining an undue advantage, &c. Such amendments

are discretionary. See Day's Com. Law Pr., 4th Ed., 74, and decisions of the English courts cited under that section. In such cases this court will not interfere if the Judge do not plainly appear to have been wrong. Sainsbury vs. Matthews, 4 Meeson & Welsby, 347. And grave doubts exist as to the right or duty of the court to interfere with the exercise by the Judge presiding at the trial of the discretionary power vested in him. Tennyson vs. O'Brien, 5 Ellis & B., 497 ; Milkin vs. Reed, 15 C. B., 192.

There is no doubt that under the sixth section of the act of 1861 the Judge might, before the cause was submitted to the jury, as he did, allow the name of Mary E. Spooner to be struck out, as it appeared in evidence she had no title. It is equally clear that the name of the plaintiff, Sarah J. Spooner, she appearing to be a minor, might be struck out and again inserted " by her next friend " as a plaintiff. This was the effect of the action of the court. The issues as to the title of the land were not affected by the amendment allowed.

Mary E. Spooner was the widow of the former owner under whom the other plaintiffs claim title. That she may be entitled to dower in the land does not invest her with a title or make her a necessary or proper party in ejectment. The legal title was in the heirs at law.

As to Sarah J. Spooner she was under the age of twenty-one years when the suit was brought and no next friend had been appointed, but a next friend was appointed by the action of the court before the trial concluded and no motion had been made by defendants to set aside the proceedings or to dismiss the suit as to her. This was sufficient. Fitch vs. Fitch, 18 Wend., 513.

It is objected further that no bond had been given by the next friend as required by section 32, act of November 23, 1828, conditioned to secure the money to be " recovered to

the use of the infant." The defendants, however, made no motion on account of the omission to give bond, and indeed it was no concern of the defendants that a bond had not been given. The bond is required only for the protection of the minor in the event of a recovery of money.

IV. An error is assigned in that the Judge added a qualification to an instruction prayed by the defendants, in other words, that the Judge refused to give it as requested. No objection or exception having been taken to this action of the Judge, it cannot be urged as error on appeal. Meinhard vs. Lilienthal, 17 Fla., 501; Burroughs vs. State, id., 643; So. Ex. Co. vs. VanMeter, id., 783; Stewart vs. Mills, 18 Fla., 57; Wilson vs. Marks, id. 322.

V. It is further assigned for error that the court erred in not stating in the judgment the "quantity of the estate" the plaintiffs had in hand.

The judgment reads as follows: " Wherefore it is considered by the court that the plaintiffs do recover of the said defendants the said lands in controversy, to wit:" (describing the land) " and that a writ of possession do issue therefor; and that the plaintiffs do recover of the said defendants the sum of one cent together with their costs," &c.

Section 2 of Chapter 3244, Laws of 1881, (McC's. Dig., 481,) requires that " the judgment awarding possession shall state the quanity of the estate and give description of the land recovered."

The judgment here fails to state the quantity of the estate, whether in fee or for a term, whether of the entire or an undivided interest, or otherwise showing by the judgment of the court what interest is recovered and to be delivered.

While we find no error in the record sufficient to require a new trial, yet because of the want of a proper judgment

as required by the statute, the judgment here entered must be set aside.

Therefore it is considered and adjudged that the final judgment rendered in this cause by the Circuit Court for the county of Jackson be vacated, and set aside, and the cause is remanded with directions that a proper judgment be entered in accordance with the verdict and pursuant to the statute.