WILLIAM D. MCRAE, *Plaintiff in Error,* v. MATTIE F. PRESTON, *Defendant in Error.*

1.  A tax deed to an agent, under circumstances creating a trust relation, does not convey title as against the principal or *cestui que* trust.

2.  A sheriff's deed based upon a foreign attachment in a county court is void, where there was neither personal service nor seizure of the *res.*

3.  The plea of the general issue in an action in ejectment does not entitle the defendant to a 'set-off for betterments.

4.  An extra judicial statement of a party that he is the agent of another may be received against such party as an admission against interest.

5.  An unrecorded deed from a grantor out of possession to the real plaintiff does not defeat ejectment brought in the name of such grantor.

This case was decided by Division A.

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Trammell & Edwards* and *Eppes Tucker, Sr.,* for plaintiff in error;

*Thomas Palmer,* for defendant in error.

COCKRELL, J.—This was an action of ejectment for a town lot in Lakeland, Florida; there was verdict and judgment for the plaintiff, with mesne profits assessed at nine hundred dollars, and the defendant sued out this writ of error.

There is grave doubt in the minds of the court as to whether the bill of exceptions was so signed and certified as properly and legally to present any question for the court's decision, but the bill is physically here and as an examination of it discloses no reversible error, we have concluded it would be more satisfactory to all parties to dispose of the case upon the merits, rather than to enter into a discussion of the validity of the bill of exceptions.

We shall not undertake, however, to lengthen unduly this opinion by answering seriatim the thirty odd assignments of error, but shall state generally that upon the whole evidence under the pleadings no other result was legally permissible.

The plaintiff's case rested upon undisputed possession under a recorded deed from 1885 to 1897; the defendant claimed under a tax deed and a sheriff's deed under which he secured title within seven years of the institution of this action. The tax deed was void because issued to plaintiff's agent in the matter of this very property under such circumstances as to make him stand in a trust relation and cause the tax deed to him to operate not as a conveyance of the title but as a redemption from the tax sale. The sheriff's deed was based on an attachment suit in the county court of Polk county in which there was no personal service, the defendant being a non-resident and there was no seizure of the *res.* and both deeds were properly excluded.

There was no error in refusing evidence as to betterments. The allowance of this to the unsuccessful defendant is under a special statutory proceeding and is not permitted under the general issue.

Agency *vel non* cannot usually be proved by the extra judicial statement of the supposed agent, but this rule does not operate to exclude an admission against interest, as in the instant case an admission by one who

purchases a tax deed that he is the agent of the owner of the land suffered to be sold for taxes.

The land being held adversely after 1897, the action was properly brought in the name of Mrs. Preston, the then holder of title; it is no defense that an unrecorded deed may have been executed since that time to another who actively participated in the trial for her side. Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391.

These rather general remarks cover substantially all the assignments that merit discussion.

The judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.