ISABEL M. JONES, NEE ISABELL M. ALLING, JOINED BY HER HUSBAND, L. M. JONES, FOR THE USE OF J. B. TAYLOR, *Plaintiffs in Error*, v. THOMAS ALLEN, *Defendant in Error*.

Where one of three persons, who are members of a partnership, which is in possession of land under a lease from another party, acquires an adverse title to that of the lessor, and undertakes to prosecute an action of ejectment for his benefit in the name of the grantor of such adverse title, without surrendering possession of the land to the lessor, the rule that a lessee is estopped to dispute his lessor's title applies.

Writ of error to the Circuit Court for Calhoun County.

The facts in the case are stated in the opinion of the court.

*J. R. Wells, W. B. Farley,* and *Calhoun & Campbell,* for Plaintiffs in Error;

*Lewis & Buford* and *W. O. Butler,* for Defendants in Error.

Hocker, J.—The plaintiffs in error, whom we shall speak of as the plaintiffs, brought an action of ejectment against the defendant Thomas Allen in the Circuit Court of Calhoun County to recover the title and possession of 110 acres of land in that county. There was a plea of not guilty, and a special plea setting up that the plaintiff J. B. Taylor was at the time of the institution of this suit, and before, in the possession of the lands sued for as the tenant of Thomas Allen under a lease from Allen, and that Taylor has never surrendered possession to said defendant Allen. There was a motion to strike this plea and also a demurrer to it, which were overruled. The case was tried in October, 1911, resulting in a verdict and judgment for the defendant, and the plaintiffs are here on writ of error.

On the trial the plaintiffs introduced in evidence a patent conveying the lands in controversy to Isabel M. Alling dated 2nd of July, 1889. It was proven that Isabel M. Alling subsequently married Dr. L. M. Jones. She testified that she sold the land to J. B. Taylor and delivered to him her deed and the patent. The deed was introduced in evidence, executed by Mrs. Jones and her husband, conveying the land to J. B. Taylor and is dated 26th of October, 1910.

The defendant Allen introduced in evidence a tax deed embracing the land in question dated 1st of November, 1902. After the defendant had testified in regard to certain acts of his tending to show his claim and pos-

session of the land, and had stated that he had leased the lands to a partnership firm under the style of Taylor-Schermer & Co., the plaintiffs introduced the lease made by the defendant Allen to said firm. It is dated 3rd of December, 1906, is under seal, and grants turpentining privileges to said firm for a valuable consideration for "four years beginning with reference to each portion thereof, from the winter that the boxing and working of each portion is commenced, and shall continue to operate until all the timber and each and every part thereof has been boxed," etc. The firm of Taylor-Schermer & Co. is a partnership composed of J. B. Taylor, F. A. Schermer and A. Moog. Taylor made the contract with Allen and drew the lease. The firm went into possession of the land under the lease and has been working it for turpentine purposes since 1906, up to the time of the trial. There are a number of assignments of error, but they all grow out of and depend upon this question: Does the fact that J. B. Taylor, for whose use and benefit the suit was brought, was at the time it was brought a member of a partnership who were in possession of the land, as lessees of the defendant Allen estop the plaintiffs? We do not think there is any question but that the deed of conveyance from Mrs. Jones to Taylor inured to the benefit of his firm. Each member of a partnership is the agent of the firm and is not permitted to acquire adverse rights to his firm. Whatever he does 'in connection with property leased by the firm will be treated as having been done for the benefit of the firm. See 30 Cyc. 458, 459, and the numerous cases there cited. I Bates on Partnership, Sec. 209. We think, therefore, that J. B. Taylor as one of the tenants of the defendant

Allen is estopped from disputing the latter's title so long as the relation of lessor and lessee continues. But it is contended that J. B. Taylor is not the party plaintiff in this suit; that the deed made to him by Mrs. Jones was void, inasmuch as the land conveyed was then in the adverse possession of Allen, and that the fact that the suit was brought for his benefit amounts to nothing. The case of Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391, is relied on to support this contention. It is true that this case supports the contention that as a matter of law a deed made by a party out of possession, when the lands are held adversely by another is not a valid conveyance as to such other. But it is also there held that such a deed is good between the parties to it, and all other persons. It is also there held that while an action of ejectment cannot be brought in the name of the grantee in such deed, but must be brought in the name of the grantor, a recovery by the grantor will inure to the benefit of the grantee. A suit thus brought is one for the benefit of the grantee, and we can discover no good reason why the doctrine which estops a tenant from disputing his landlord's title should not apply to such a grantee. The doctrine of estoppel does not in our opinion depend for its application upon technical considerations which would defeat the policy of the law, and allow one to do indirectly what he would not be permitted to do directly.

We discover no reversible error in this record, and the judgment below is, therefore, affirmed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD *and* COCKRELL, J. J., concur.