C. A. BROWN, *Plaintiff in Error*, v. FRANCES HETHERINGTON *et al., Defendants in Error.*

### Opinion Filed March 25,. 1913.

Where the finding and judgment for the plaintiff in an action of ejectment do not "state the quantity of the estate of the plaintiff" as required by the statute, the judgment will be reversed.

Writ of error to the Circuit Court of Polk County.

Judgment reversed.

*C. C. Whitaker* and *J. F. Glen,* for Plaintiff in Error;

*C. M. Trammell* and *Wm. H. Jackson,* for Defendants in Error.

WHITFIELD, J.—This statutory action of ejectment was tried before a referee and a writ of error was taken by the defendant. The finding of the referee was in favor of the plaintiffs "and against the defendant, C. A.

Brown, for an undivided two-thirds interest in the lands situated and being in the County of Polk and State of Florida," the description being given. The judgment is as follows: "It is therefore ordered and adjudged that the plaintiffs do have and recover the possession of the lands situated and being in the County of Polk and State of Florida, and more particularly described as follows: an undivided two-thirds interest in the" described lands.

In the statutory action of ejectment to recover lands from one holding or claiming adversely, the title as well as the right of possession is put in issue. The statutory form of the action does not require the quantity of the estate or right of property to be alleged, and the statutory plea of not guilty admits the possession or adverse claim of the defendants and puts "in issue the title of the lands in controversy." As the pleadings framed under the statute abstractly put in issue the title to the lands and as the title involved may be a fee simple or a less estate, the statute, in order that the title as between the parties may be adjudicated, expressly requires that the verdict or finding and the judgment for the plaintiff "shall state the quantity of the estate of the plaintiff," as well as "give a description of the land recovered." See Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Ropes v. Minshew, 51 Fla. 299, 41 South. Rep. 538.

The *finding and* judgment in this case do not "state the quantity of the estate of the plaintiff" in the described lands as provided by the statute.

This requires the judgment to be reversed and the cause remanded for a new trial. The order overruling the motion for a new trial made before the referee was not excepted to, and the sufficiency of the evidence to

support the finding has not been considered.   See Secs. 1693-4, Gen. Stats. of 1906; Manatee County State Bank v. Wade, 56 Fla. 492, 47 South. Rep. 927.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.