S. C. GIBBS, *Plaintiff in Error,* v. MARY E. P. McCOY, *et al., Defendants in Error.*

Opinion filed Nov. 2, 1915.

1. A conveyance though void as to one in adverse possession of the land may be good as between the parties to the conveyance, and a recovery from the one in adverse possession in the name of the grantor will inure to the benefit of those claiming under the grantor.

2. An amendment does not in general make a new action where the real parties in interest and the essential elements of the controversy remain the same.

3. Where the finding and judgment for the plaintiff in an action of ejectment do not "state the quantity of the estate of the

plaintiff" as is mandatorily required by the statute, the judgment will be reversed.

Writ of Error to Circuit Court, DeSoto County; J. W. Burton, Referee.

Judgment reversed.

*Leitner & Leitner,* for Plaintiff in Error;

*Treadwell & Treadwell,* for Defendants in Error.

WHITFIELD, J.—This writ of error is to a judgment for the plaintiffs in an action of ejectment which was brought in the name of W. E. Dunwody, the grantee of lands, to recover the possession from one in adverse possession of the lands. An amended declaration was subsequently filed by leave of the court making the grantors plaintiffs to recover the possession from one in adverse possession at the time of the conveyance, upon the theory that the conveyance though void as to the defendant in adverse possession of the land, was good as between the parties to the conveyances, and that a recovery in the name of the grantors will inure to the benefit of those claiming under such grantors. See Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391; McRae v. Preston, 54 Fla. 190, 44 South. Rep. 946; Jones v. Allen, 63 Fla. 204, text 207, 58 South. Rep. 784; Sherlock v. Varn, 64 Fla. 447, 59 South. Rep. 953. The amendment did not make a new action, since the real parties in interest and the essential elements of the controversy remain the same. See Neal v. Spooner, 20 Fla. 38; Hamburg v. Liverpool & L. & G. Ins. Co., 42 Fla.

86, 27 South. Rep. 872; Phifer v. Abbott, 69 Fla. 162, 67 South. Rep. 917; Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. Rep. 135; 3 Ency. L. & P. 655. The action was not barred by the statute of limitations since the amendment does not present a new action and has relation to the commencement of the suit. The amendment here is substantially different from those not allowed in La Froridienne, J. Buttgenbach & Co., Societe Anonyme v. Atlantic Coast Line R. Co., 63 Fla. 213, 58 South. Rep. 186, and Todd v. Louisville & N. R. Co., 68 Fla. 202, and 205, 67 South. Rep. 84.

It appears that John L. Davis of Illinois received title to the land in controversy, and in 1890 conveyed an undivided one-half interest in the land to George L. Eastman; that subsequently Davis died, leaving a will in which he made Charles S. McCoy executor of the will with power to sell and convey the residue of his property bequeathed to the executor in trust, which residue includes the property in controversy; that such will was recorded in DeSoto county, Florida, where the land lies; that McCoy undertook the trust and died in 1899 without completing the trust or appointing "by will or other writing his successor in said trust estate," as he was by his testator's will expressly authorized to do; that Charles S. McCoy left his widow Mary E. P. McCoy and a minor daughter, Mary Elizabeth McCoy, as his only heirs at law, and next of kin; that in 1904 by decree of an Illinois court John H. Mackay was appointed trustee for the real estate belonging to the estate of John L. Davis, deceased, with all the rights, powers, duties and privileges conferred by the last will and testament of John L. Davis, deceased, upon Charles S. McCoy; that pur-

suant to said decree Mary E. P. McCoy, widow of Charles
S. McCoy, and Mary Elizabeth McCoy, daughter of
Charles S. McCoy, by Mary E. P. McCoy, her next
friend, executed to John H. Mackay a conveyance of the
lands included in the trust conferred upon Charles S.
McCoy in 1909; that in September, 1910, pursuant to a
decree of an Illinois court, John H. Mackay as trustee
of the estate of John L. Davis, deceased, executed a con-
veyance of all his right, title and interest to the land in
controversy to D. G. Barnett of DeSoto county, Florida;
that in January, 1905, Eastman conveyed all his interest
in the land in controversy to Samuel D. Scholes, Jr.,
who in July, 1910, conveyed the same to D. G. Barnett;
that in October, 1910, Barnett conveyed the land to W. E.
Dunwoody; that in April, 1905, C. C. Morgan conveyed
the land in controversy to S. C. Gibbs, who on April 10,
1905, began occupancy of the land under his conveyance
from Morgan.   This action was begun by W. E. Dun-
woody against S. C. Gibbs on January 5, 1911.   An
amended declaration was by leave of court filed on Sep-
tember 23, 1912, wherein Mary E. P. McCoy and Mary
Elizabeth McCoy, by Mary E. P. McCoy, her next friend,
and S. D. Scholes, Jr., are plaintiffs, and S. C. Gibbs is
defendant.

    It would seem that W. E. Dunwoody is the real party
in interest within the provision of the statute (Section
1365 Gen. Stats.) ; that any civil action may be main-
tained in the name of the real party in interest, and that
the nominal plaintiff may be stricken out and the case
may proceed in the name of the use plaintiff, and it would
also seem that Dunwoody succeeds to the rights of those
through whom he claims the land, thus making him a

Gibbs v. McCoy et al.—Opinion of Court.

proper plaintiff; but in view of previous decisions of this court that the grantee of land may maintain an action of ejectment in the name of the grantors against one in adverse possession when conveyances were made, and in the circumstances of this case, the pleadings may be amended so as to make all the grantors of the land since it has been adversely held, plaintiffs for the use of the present claimant W. E. Dunwoody. Such an amendment does not introduce a new cause or right of action and has relation to the commencement of the action which arrested the running of the statute in favor of the defendant who claims title by adverse possession for the statutory period.

The case was tried before a referee who found "that the plaintiffs have the right of possession of the property described," giving the description; and judgment was rendered that the plaintiffs do recover the possession of the lands, describing them. But neither the finding nor the judgment states "the quantity of the estate of the plaintiff" as is mandatorily required by the statute. Sec. 1970 Gen. Stats. of 1906; Sec. 1970 Compiled Laws Ann. 1914; Brown v. Hetherington, 65 Fla. 327, 61 South. Rep. 638; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656; Lungren v. Brownlie, 22 Fla. 491; Neal v. Spooner, 20 Fla. 38.

Because of the failure of the finding and judgment to "state the quantity of the estate of the plaintiff" as is mandatorily required by the statute, the judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.