ROBERT A. BACON, FOR THE USE AND BENEFIT OF R. A. MILLS, *Plaintiff in Error*, v. LILLIE E. FEIGEL, JOINED BY HER HUSBAND, REMY A. FEIGEL, *Defendants in Error*.

Opinion Filed December 21, 1918.

Where the plaintiff is the real party in interest and is testifying in the case he may under Section 21, Article XVI of the Constitution introduce a certified copy of a deed of conveyance that is pertinent to the issues when it is made to appear that the original is not within the custody or control of the party offering such copy.

Writ of Error to Circuit Court for DeSoto County; John S. Edwards, Judge.

Judgment reversed.

*Leitner & Leitner,* for Plaintiff in Error;

*John W. Burton,* for Defendants in Error.

WHITFIELD, J.—To a statutory declaration in an action of ejectment the defendant pleaded not guilty. At the trial the plaintiff, R. A. Mills, claimed title to the land in controversy through the Trustees of the Internal Improvement Fund of the State, Elam B. Carlton and R. A. Bacon; and he testified that he did not have in his possession or control the original deed of conveyance from the Trustees of the Internal Improvement Fund of the State, to Elam B. Carlton, or the original deed of conveyance from Carlton to Bacon. Certified copies of these deeds were excluded. A deed of conveyance of the property from Bacon to Mills was excluded on the ground that title had not been traced from an original source to one in possession, the plaintiff, Mills, having testified that the defendants were in possession of the land when he took the deed of conveyance from Bacon. The court directed a verdict for the defendant and rendered judgment thereon. Writ of error was taken by the plaintiff.

As the defendant was in possession of the land when Mills took his conveyance from Bacon, he could bring ejectment in the name of Bacon for his own use. Gibbs v. McCoy, 70 Fla. 245, 70 South. Rep. 86; Coogler v. Rodgers, 25 Fla. 853, 7 South. Rep. 391.

Section 21, Article XVI of the Constitution, is as follows:

"Deeds and mortgages which have been proved for record and recorded according to law shall be taken as

prima facie evidence in the courts in this State without requiring proof of the execution. A certified copy of the record of any deed or mortgage that has been or shall be duly recorded according to law shall be admitted as prima facie evidence thereof, and of its due execution with like effect as the original ·duly proved; provided, it be made to appear that the original is not within the custody or control of the party offering such copy."

The *party offering* the cretified copy of the deeds of conveyance in this case was the real party in interest as plaintiff; and as it was made to appear the originals were not in his possession or control, the certified copies should have been admitted in evidence pursuant to the express provision of the Constitution.

Judgment reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.