ROBERT A. BACON, FOR THE USE AND BENEFIT OF R. A. MILLS, *Plaintiff in Error,* v. LILLIE E. FEIGEL, JOINED BY HER HUSBAND, REMY A. FEIGEL, *Defendants in Error.*

Opinion Filed October 19, 1920.

1. While a deed of conveyance of land may be properly executed by the grantor when the initials only of his given name are used, yet when the first name of a grantee is given in full in a conveyance and the residence of such grantee is specifically given, a conveyance of the land by such grantee who executed his deed by using the initials only of his given names and by giving in the deed his residence as being in a State other than the one of which he was a resident when the land was conveyed to him, and in a trial of title, proof of the identity of the person whose name and residence are differently given in the chain of title, is demanded, such proof of identity by some substantial evidence may be required upon appropriate and timely objections to muniments of title showing these differences.

2. Under Section 1489, General Statutes of 1906, the court may upon appropriate proceedings taken in the trial of a cause "where it may deem it right for the purposes of justice, order an adjournment for such time, and subject to such terms and conditions, as to costs and otherwise, as it may see fit."

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Judgment affirmed.

*Leitner & Leitner,* for Plaintiff in Error;

*W. D. Bell,* for Defendants in Error.

WHITFIELD, J.—In an action of ejectment a judgment

rendered on a directed verdict for the defendant was reversed. Bacon v. Feigel, 76 Fla. 581, 80 South. Rep. 518.

At a subsequent trial the real plaintiff, R. A. Mills, offered in evidence a deed of conveyance dated March 8, 1886, conveying the land described in the declaration, executed by Elam B. Carlton to "Robert A. Bacon, of Orange County, and State of Florida." This deed was admitted. The real plaintiff, R. A. Mills, then tendered an original quit-claim deed of the land to himself, dated November 11, 1913, from "R. A. Bacon, unmarried, of the County of Travis, and State of Texas." The acknowledgment of this deed was taken by a Notary Public in the State of Indiana. "To the offering of the said original deed the defendant did then and there by counsel object, unless and until some proof be offered of identity of the alleged grantor, R. A. Bacon, of Travis County, Texas, with Robert A. Bacon, of Orange County, Florida, in whom title then rested, for the following reasons, to-wit:

"1. Because the plaintiff has not shown sufficient title to admit this deed in evidence.

"2. Because it does not appear that R. A. Bacon, of Travers County, Texas, the grantor in the offered deed, is the same person as Robert A. Bacon, of Orange County, Florida, the grantee in the deed from Elam B. Carlton to Robert A. Bacon.

"3. Because R. A. Bacon, of Travers County, Texas, will not be presumed to be the identical person as Robert A. Bacon, of Orange County, Florida, until some proof be given of identity.

"Whereupon the judge of the said court upon the consideration of the said motion to exclude the said proffered deed, did then and there state that the same was not a

presumption of law, that R. A. Bacon, of Travers County, Texas, was the same person as Robert A. Bacon, of Orange County, Florida, and did then and there by his ruling exclude the said deed from the consideration of the said jury, to which ruling the plaintiff did then and there except.

"Thereupon the plaintiff did state in open court that the said deed so, offered, and excluded, was the basis of his title; that he had no evidence of identity of R. A. Bacon with Robert A. Bacon and without the admission of the deed in evidence he could not recover.

"Thereupon the court did rule that the plaintiff was not entitled to maintain his suit, and directed the jury to bring in a verdict for the defendant, to which ruling the plaintiff did then and there by counsel except."

While a deed of conveyance of land may be properly executed by the grantor when the initials only of his given name are used, yet when the first name of a grantee is given in full in a conveyance and the residence of such grantee is specifically given, a conveyance of the land by such grantee who executed his deed by using the initials only of his given names and by giving in the deed his residence as being in a State other than the one of which he was a resident when the land was conveyed to him, and in a trial of title, proof of the identity of the person whose name and residence are differently given in the chain of title, is demanded, it may be required upon appropriate and timely objections to muniments of title showing these differences. See Jones on Law of Real Property and Conveyancing, §218; Huston v. Graves, — Mo. —, 213 S. W. Rep. 77, 5 A. L. R. 423. In such cases at least some substantial evidence as to identity should be adduced. In this case the plaintiff brought

his action in the name of "Robert A. Bacon, for the use and benefit of R. A. Mills." The real plaintiff, R. A. Mills, testified that he "bought the property in 1913 from R. A. Bacon," and that he got his "deed from R. A. Bacon through F. M. Hendry." When the stated objections were made to the introduction in evidence of the deed showing the difference in the name and in the residence of the grantee in one deed and the grantor in the succeeding deed, the plaintiff "thereupon did state in open court that he had no evidence of identity of R. A. Bacon with Robert A. Bacon." The plaintiff, Mills, acquired the deed and should have produced upon demand at least some evidence of the identity thus challenged; and if the challenge was a surprise that could not reasonably have been anticipated, the court, upon proper application and showing, could have made an appropriate order, under the statute which provides that the court may "where it may deem it right for the purposes of justice, order an adjournment for such time, and subject to such terms and conditions, as to costs and otherwise, as it may see fit." §1489, Gen. Stats., 1906. Ropes v. Florida Fish & Produce Co., 64 Fla. 444, 60 South. Rep. 179.

In this case no application was made for an appropriate adjournment to enable the plaintiff to present evidence; and counsel specifically stated to the court "that he had no evidence of identity of R. A. Bacon with Robert A. Bacon."

Under the circumstances the court did not err in excluding the proffered deed, and in directing a verdict for the defendant.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.