D. A. EWING, *Plaintiff in Error*, v. ELLA B. CREARY AND J. E. CREARY, HER HUSBAND, THOMPSON W. WALKER, ANNA WALKER OGLETREE AND W. T. OGLETREE, HER HUSBAND, OLIVE WALKER CLARK AND H. E. CLARK, HER HUSBAND, NANCY G. PATTEN AND S. E. PATTEN, HER HUSBAND, AND HENRY W. THOMPSON, HEIRS OF B. W. THOMPSON, DECEASED, *Defendants in Error*.

Opinion Filed March 26, 1921.

1. In ejectment the plea of not guilty admits possession by the defendant at the time of the institution of the action.

2. In the statutory action of ejectment plaintiffs may recover the land in controversy, together with mesne profits, which latter may include the value of crude gum removed by defendant from pine trees upon the premises while in his possession.

3. Where defendant in ejectment bases his right to possession of the premises upon a tax deed and it is proved that for the tax year for which the land was sold because of non-payment of the tax assessed against it the board of county commissioners of the county had not ascertained and determined the amount of money to be raised by taxes for county purposes and levied the tax authorized by statute and entered at large the determination and levy so made upon the records of the board, and is further proved that such tax sale was made before the tax became delinquent, it is not error for the court, upon motion of plaintiffs, to strike the tax deed previously offered in evidence by defendant.

4. Where plaintiffs in ejectment prove title to the land involved in the suit it is not error for the court to direct a verdict for plaintiffs with respect to the recovery of possession of the land and submit to the jury only the question of mesne profits claimed by plaintiffs.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Affirmed.

*J. T. Wiggins,* for Plaintiff in Error;

*W. W. Clark,* for Defendants in Error.

WEST, J.—This is an action of ejectment. The declaration is in the statutory form. Defendant interposed a plea of not guilty only. The court directed a verdict for plaintiffs with respect to recovery of the land described in the declaration but submitted to the jury the question of mesne profits. The jury found for the plaintiffs both as to the ownership and right of possession of the land and mesne profits. Motion for a new trial was made and denied. From the judgment for plaintiffs entered upon the verdict writ of error was taken.

In ejectment the plea of not guilty admits possession by the defendant at the time of the institution of the action. Section 3236, Revised General Statutes of Florida; Dallam v. Sanchez, 56 Fla. 779, 47 South. Rep. 871; Buesing v. Forbes, 33 Fla. 495, 15 South. Rep. 209.

Plaintiffs' title was proved by the introduction in evidence of a certified copy of a patent for the land from the United States government to plaintiffs' ancestor, proof of death of the patentee and relationship to and inheritance from him by plaintiffs' his only heirs. This evidence entitled plaintiffs to recover possession of the land and was sufficient warrant for a directed verdict in their behalf unless it was later proved that they had been divested of title in some legal way.

There is also undisputed proof that defendant worked the pine timber on the land for turpentine purposes during the seasons of 1917 and 1918 and removed therefrom quantities of crude gum, with ample proof of the amount and value of the gum removed to sustain the verdict returned.

It is urged that a recovery cannot be sustained in an action of ejectment for the value of crude gum removed by defendant from trees upon the land while in his possession and during the period of plaintiffs' disseizin by him, but the rule is otherwise in this jurisdiction, and recovery therefor in such cases by plaintiffs is allowable and may be sustained when there is sufficient basis in the evidence to uphold a verdict for plaintiffs. Norman v. Beekman, 58 Fla. 325, 50 South. Rep. 876; Ashmead v. Wilson, 22 Fla. 255.

Defendant undertook to prove ownership and right of possession by the introduction in evidence of a quit-claim deed to him from one who had previously thereto obtained a tax deed to the land. But it was clearly shown that for the tax year for which the land was sold because of non-payment of the tax assessed against it the board of county commissioners of the county had not ascertained and determined the amount of money to be raised by taxes for county purposes and levied the tax authorized and entered at large the determination and levy as made upon the records of the board, and it was also shown that the tax sale was made before the tax became delinquent. This clearly renders the deed void, and being void the grantee acquired no title, and having no title conveyed nothing by his quit-claim deed to defendant. The court therefore properly granted the motion to strike the tax deed and quit-claim deed under which defendant claimed.

In this situation plaintiffs having proved their title to the property there was nothing left for the jury except the amount of mesne profits, if any, that the plaintiffs should recover under the evidence, and the court properly directed a verdict for plaintiffs with respect to the recovery of possession of the land and submitted to the jury only the question of mesne profits claimed by plaintiffs. We have already said that there is ample proof to sustain the verdict upon this feature of the case and the judgment should therefore be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.