A. WENSKE, *Plaintiff in Error*, v. C. A. SALLEY, *Defendant in Error*.

Opinion Filed August 15, 1921.

Petition for rehearing denied October 20, 1921.

A Writ of Error to the Circuit Court for Alachua County; J. T. Wills, Judge.

*Robert W. Davis* and *Hampton & Hampton,* for Plaintiff in Error;

*D. M. Buie,* for Defendant in Error.

PER CURIAM.—An action of ejectment brought by C. A. Salley against A. Wenske was tried on a plea of not guilty, the Court having denied leave to file a plea upon equitable grounds under the statute. A writ of error was taken to a judgment for the plaintiff. The plaintiff adduced a sheriff's deed conveying the land and also the original execution on which execution issued by the Clerk of the

Circuit Court, predicated upon a judgment of a justice of the peace, a sale of Wenske's title to the land was attempted to be made to C. A. Salley. Thereupon over objection and exception by defendant, the Court admitted in evidence the original records in a chancery suit brought to set aside the execution sale, wherein A. Wenske was complainant and C. A. Salley, B. P. Beville and J. B. Kennard were defendants. This suit was dismissed on final hearing. Wenske remained in possession, and as it clearly appears that the notice on which the execution sale was made was wholly insufficient, and that the sale price was grossly and oppressively inadequate, the plea on equitable grounds should have been admitted. Even if the original record files in the chancery suit were properly admitted in evidence, such record shows that Salley, the sole plaintiff in this action, then claimed no interest in the land. The peculiar facts of this controversy and the manifest and flagrant injustice and illegality of the execution sale, and the nature of the chancery proceeding should not in law and in conscience preclude the defendant from asserting his just defenses in this action.

Reversed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

ELLIS AND WEST, J. J., dissent.

WEST, J., Dissenting.—At the trial a stipulation was entered into between counsel for the respective parties which was offered and received in evidence by which it was agreed that the defendant was in actual possession of the premises sued for and had been in such possession since

a date antedating the institution of the suit. The plea of not guilty in ejectment admits possession by the defendant at the time of the institution of the action. Sec. 3236, Revised General Statutes of Florida, 1920; Ewing v. Creary et al., 81 Fla. 420, 88 South. Rep. 260; Dallan v. Sanchez, 56 Fla. 779, 47 South. Rep. 871; Buesing v. Forbes, 33 Fla. 495, 15 South. Rep. 209. But the object of this stipulation seems to have been to show plaintiff's right to recover notwithstanding a conveyance of the property by him to another which, it developed during the progress of the trial, had been made prior to the institution of the action but at a time when defendant was in adverse possession of the premises, claiming title thereto. Under these circumstances the conveyance by plaintiff was ineffectual to convey the title held by him as against the defendant in possession and plaintiff could recover from defendant if he proved title and right of possession to such premises. Coogler et al. v. Rogers, 25 Fla. 853, 7 South. Rep. 391; McRae v. Preston, 54 Fla. 190, 44 South. Rep. 946.

The Court's refusal to permit defendant to file certain pleas upon equitable grounds is assigned as error. The pleas were tendered and leave to file same was requested on the day the case was tried.

In Johnson v. Drew, 34 Fla. 130, 15 South. Rep. 780, this Court, in dealing with a similar question, said: "The right to interpose a plea on equitable grounds in an action of ejectment is clear, provided the matter set up in such plea will authorize the defendant to enjoin in a Court of Equity the judgment, should one be recovered against him. The facts alleged in such plea must not, however, make such a defense as is available to the defendant in the common law action, as the Court in such case will be justified in

refusing to allow the plea to be filed or in striking it out if filed.''

It is not thought to be necessary to set out the pleas nor recite their contents at length in this opinion. They aver facts tending to show alleged defects in the notice of an execution sale under which plaintiff claims title and inadequacy of price paid for the property at such sale. They amount to no more than an attempt to point out alleged defects in planitiff's title and contain nothing material that could not have been shown under the plea of not guilty.

A ruling of the Court admitting in evidence over defendant's objection what purported to be the original record of a chancery suit between this defendant as complainant and the plaintiff and others as defendants is urged as error. To prove his ownership and right to recover plaintiff offered in evidence a sheriff's deed conveying the title to the property involved to him. This deed was admitted and received in evidence without objection. Whereupon, for the purpose of proving an adjudication of the title to the property in plaintiff under the sheriff's deed the original record in the chancery suit was offered in evidence. It appears from this record that this suit was filed and all the proceedings therein were had in the same court in which the action for ejectment was on trial. The record consists of the bill of complaint, subpœna in chancery with return thereon, notice of *lis pendens*, appearance of defendants, motion to dismiss the bill, separate answers of defendants, notice setting case for final hearing upon bill and answers, and final decree in favor of defendants. From the allegations of the bill it appears that the complainant, who, as we have said, is the defendant in this action, raised every question tending to affect the validity of plaintiff's title which was attempted to be raised by the pleas upon equitable grounds which

defendant asked leave to file in this action, so that such questions had previously been presented to, considered and determined by the Court.

The grounds of objection interposed to the introduction of this record are, first, that the record is not the original record, and, second, that the record is not certified by the Clerk of the Court. The contention is made now that if it be conceded that the papers offered and admitted in evidence were a part of the original record in the chancery suit, there is nothing to indicate that they constitute the whole of the record. This contention is not sound. The papers recited indicate a complete record in an ordinary chancery suit. There was nothing to suggest to the trial court that the record was incomplete. Of course, if the documents offered are original and constitute the record in the suit it would not be necessary that they be certified by the clerk, such certificate being required only in case copies of originals are used, the substance of which certificate is that the copies are true and correct copies of the originals. There can be no doubt that a certified copy of the record of the proceedings in the chancery suit would have been admissible, assuming it to be pertinent. The fact that a properly certified or duly authenticated copy of the record would have been adminssible in evidence does not render the original record inadmissible to prove its contents. 10 R. C. L. 1104-5; Huddleston v. Graham, 73 Fla. 350, 74 South. Rep. 414; Ashmead v. Wilson, 22 Fla. 255. Offering the original record in one case as evidence in another and making it a part of the record in the latter may tend to a confusion of the files in the office of the Clerk of the Court, who is the custodian of such record, but this does not go to the question of the admissibility of

such record in evidence and render it inadmissible. There was therefore no error in admitting this record in evidence.

Defendant offered no evidence except upon the question of *mesne* profits. Plaintiff waived claim to *mesne* profits. Thereupon the Court instructed the jury that the legal title to the property sued for having been adjudicated in plaintiff in the chancery suit, they should find a verdict in plaintiff's favor, which was done.

The question of the insufficiency of the notice of sale, if the question was open for consideration at all in this action, clearly could have been presented under the plea of not guilty. This question, along with the question of the inadequacy of the consideration for the property, was directly presented and passed upon in the chancery suit. In view of the expression in the majority opinion in this case that the notice upon which the execution sale was made was wholly insufficient, the court below may have erred in deciding to the contrary in the chancery suit, but there was no appeal from the decree. The direction, therefore, of the trial court to the jury to return a verdict for plaintiff upon the ground that the legal title to the property had been adjudicated in the chancery suit was not error. Of course the judgment may be reversed because of the peculiar facts of this controversy and the plea upon equitable grounds can be filed and the question once passed upon and decided in the chancery suit again considered with possibly a different result. But since the Court holds the notice of sale to be "wholly insufficient" it will be wholly unnecessary to incumber the record with the equitable plea. The opinion points out a fatal defect in plaintiff's title available to him under his plea of not guilty. The decision here amounts to a reversal of the decree in the chancery suit adjudicating the title to be in plaintiff,

although not appealed from and not before this Court for consideration, and adjudicates the deed upon which plaintiff relies to be fatally defective. In this situation a new trial would be a wholly useless procedure.

ELLIS, J., concurs.