J. D. WATKINS AND J. B. WATKINS AS EXECUTORS OF THE
   LAST WILL AND TESTAMENT OF JOHN J. BARR, DECEASED,
   LILLIAN CLARICE JOHNSON AND HER HUSBAND, W. CALL
   JOHNSON, *Plaintiffs in Error,* v. JESSE R. EMMEBSON, J.
   A. EMMERSON, S. V. EMMERSON, W. H. EMMERSON, MRS.
   J. H. READ, A WIDOW, J. AIKEN LEE, MRS. CLEMMIE
   MAIHEWS, A WIDOW, MRS. HATTIE KENNEY, A WIDOW,
   AS SOLE SURVIVING HEIRS AT LAW OF LUCIUS M. EMMER-
   SON, DECEASED, FOR THE USE OF THOMAS W. FIELDING
   AND EVANS HAILE, *Defendants in Error.*

### Division B.

### Opinion Filed June 18, 1924.

### Petition for Rehearing Denied October 29, 1924.

1. It is no objection to any plea that it is contradictory to any
   other plea filed by the same party in the cause.

2. In ejectment a plea of not guilty and a plea denying pos-
   sesion of the premises are not inconsistent and may be filed
   in the same action.

3. A plea of *puis darrein continuance* does not waive other
   pleas filed in the action.

4. A deed by one to land which is in the adverse possession
   of another is void as against such adverse claimant.

5. Where a conveyance is made of lands which at the time are
   in the adverse possession of one not a party to the deed,
   ejectment will not lie in the name of the grantee to such
   deed, but only in the name of the grantor.

6. To be entitled to recover, a plaintiff in ejectment must show
   in himself a present right of possession of the premises.

7. Parties claiming title under one who is estopped, will likewise be estopped.

8. Where the nominal plaintiff in an action of ejectment is estopped and precluded from further maintaining the action and the use plaintiff has no title sufficient to support recovery, judgment upon a verdict for plaintiff will be reversed.

A Writ of Error to the Circuit Court for Alachua County, A. V. Long, Judge.

Reversed.

*Hampton & Hampton*, for Plaintiffs in Error;

*W. S. Broome*, for Defendants in Error.

WEST, J.—This action is ejectment, originally brought by Lucius M. Emmerson against John J. Barr. Between the dates of its commencement and the trial both the original plaintiff and defendant died. The pleadings were amended from time to time to conform to the change of parties. And, because of a conveyance of the premises referred to infra from the original plaintiff to the original defendant while the action was pending, plaintiffs, by their amended declaration, claim title to an undivided one-half interest only in the property, and not the entire estate as claimed by the original plaintiff, Lucius M. Emmerson. The declaration is in the usual form. There was a plea of not guilty. By a plea of *puis darrein continuance*, filed during the life of the original parties, it was averred "that the plaintiff ought not further to maintain his aforesaid action against him, the defendant, because he says that after the last pleading in this cause, that is to say, after the 7th day of August, A. D. 1916, and before

this day, to-wit: on the 2nd day of November, A. D. 1916, the plaintiff, Lucius M. Emmerson executed a deed of conveyance to the said John J. Barr of the property in this suit,—a copy of which said deed is attached to, and made a part of this plea as though the same had been recited in full herein; (which said deed ratifies and confirms all of the proceedings in the County Judge's Court wherein and whereby the said John J. Barr acquired title to the said property from the estate of A. H. Emerson, deceased, the father of the plaintiff) and reciting that the said plaintiff received the proceeds arising from the sale of the said property and the benefits thereof after he attained his majority, and conveys to the said defendant all the interest owned, held, or claimed by the plaintiff in the said property, and every part thereof." The portion in brackets of this plea was upon motion of plaintiff stricken. There were separate pleas by defendants who were executors and defendants who were not executors, each disclaiming possession of described portions of the premises at the time of filing the amended declaration. Verdict was for plaintiffs. To review the judgment entered Writ of Error was taken from this Court.

It is not objectionable to any plea that it is contradictory to any other plea filed by the same party in the cause. Sec. 2652, Rev. Gen. Stat. In ejectment a plea of not guilty and a plea denying possession of the premises are not inconsistent and may be filed in the same action. Gill v. Graham & Hampton, 54 Fla. 259, 45 South. Rep. 845. Nor does the filing of a plea *puis darrein continuance* waive other pleas filed. Parkhill's Adm'rs v. Union Bank, 1 Fla. 110.

Prior to the 8th day of January, 1914, the original plaintiff, Lucius M. Emmerson, was the owner of the land

sought to be recovered. He was at that time a minor. On that day a deed was executed by Mrs. Susie Emmerson, his mother, as his guardian, purporting to convey the premises to John J. Barr, the original defendant, who thereupon entered into possession under said deed. Because of irregularities in the proceedings, the sale by the guardian was ineffectual to convey the legal title to the grantee named and divest the owner of title to the property.

Proceeding on the theory that this deed was a nullity, Lucius M. Emmerson having then attained his majority, on the 10th day of June, 1916, executed to Thomas W. Fielding and Evans Haile, attorneys at law, a deed of conveyance for an undivided one-half interest in the property. This deed was in payment of a fee for services to be rendered by the attorneys, grantees, in an action on behalf of the grantor to recover possession from John J. Barr. The action was instituted on the 22nd day of June, 1916. It is upon this deed that plaintiffs now rely for recovery. But as the defendant, John J. Barr was in possession claiming adversely at the time of its execution, this deed, as to defendants, is void. Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391; Nelson v. Brush, 22 Fla. 374; Doe v. Roe, 13 Fla. 602. The grantor having died, the action is now in the name of the heirs of the grantor for the use of the grantees.

The deed to John J. Barr described in defendant's plea *puis darrein continuance* was executed by Lucius M. Emmerson on the 2nd day of November, 1916. This deed recites the execution of the deed for the premises by Susie E. Emmerson, guardian of Lucius M. Emmerson, on the 8th day of January, 1914, to John J. Barr; that the said Lucius M. Emmerson has since attained his majority; that a part of the money received in consideration for the deed by said guardian was expended in the education and main-

tenance of said grantor, and that since attaining his majority he has received the balance of the agreed consideration, and therefore desires to ratify and confirm the said sale.

Wherefore, in consideration of a stated sum of money received, Lucius M. Emmerson, the said grantor, ratifies and confirms the sale and conveyance made by his said guardian, and sells and conveys to the said John J. Barr, his heirs and assigns forever, the said property.

We have seen that the deed dated June 10, 1916, from Lucius M. Emmerson to Thomas W. Fielding and Evans Haile, was, as against John J. Barr the original defendant in adverse possession, void and ineffectual to convey such title as would support an action of ejectment by them. Obviously the deed from Lucius M. Emmerson, original plaintiff, to John J. Barr, original defendant, dated November 2, 1916, operates to convey such interest and title as the grantor had in the property and would estop him from further prosecution of the action. So that Lucius M. Emmerson being estopped and precluded from further right to maintain the action, and Thomas W. Fielding and Evans Haile having no title sufficient to support the action against the defendant, the action fails because of the absence of a party plaintiff authorized to prosecute it. One claiming title under a party who himself is estopped to deny the title of another is likewise estopped. Coogler v. Rogers, supra; Key West Wharf & Coal Co. v. Porter, 63 Fla. 448, 58 South. Rep. 599. And it is well established generally that heirs are bound by an estoppal against their ancestor. Huddleston v. Graham, 73 Fla. 350, 74 South. Rep. 414; 21, C. J. 1108. Discussion of the several assignments in detail is not required. From what has been said it follows that the judgment must be reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., Concur.

ELLIS AND BROWNE, J. J., Concur in the opinion:

TAYLOR, C. J., Disqualified.