M. & M. AUTO PARTS COMPANY, a Florida corporation, *Plaintiff in Error,* v. C. E. RIDDLE, *Defendant in Error.*
136 So. 437.
Division A.
Opinion filed July 28, 1931.

*G. P. Garrett,* for Plaintiff in Error;

*Maguire & Voorhis,* for Defendant in Error.

BUFORD, C.J.—Riddle and wife conveyed a certain parcel of land to MacCaughey under deed dated May 20th, 1926. MacCaughey and wife conveyed this land to M. & M. Storage Garage, Inc., a corporation, by deed dated May 19th, 1926. M. & M. Storage Garage, Inc., procured a change of its corporate name to M. & M. Auto Parts Company.

At the time Riddle conveyed the land to MacCaughey he held a thirty year lease on adjoining land from one Elizabeth J. Smith and was in possession under that lease. He had constructed on the leased land a building, the roof of which over-hung a part of the land which he conveyed to MacCaughey and a part of which building was supported by piers or beams resting on the lands conveyed to MacCaughey. He had also constructed a run-way from the ground to the second story of the building, which runway encroached upon the lands conveyed to MacCaughey.

The lease from Elizabeth J. Smith was dated June 14, 1924. On May 20, 1927, Riddle attempted to assign the Smith lease to B. & R. Storage Garage Inc. The assignment was fatally defective in that it failed to comply with provisions of section 2787 R. G. S., 5660 C. G. L., in that there was only one subscribing witness to the assignment. B. & R. Storage Garage, Inc., went into possession of the property covered by the purported assignment of lease and the building thereon on the date of the lease and remained in possession at all times thereafter, claiming under the purported assignment of lease.

On the 5th day of September, 1927, M. & M. Auto Parts Company, a corporation, filed suit in ejection against Riddle, alleging that the defendant was in possession of a

certain tract of land described in the declaration, which is the same 16 ft. front parcel of land conveyed by Riddle to MacCaughey and by MacCaughey to M. & M. Storage Garage, Inc., which corporation afterwards procured the change in its name to M. & M. Auto Parts Company. The defendant filed three pleas as follows:

"1. That he is not guilty.

2. And for a second plea severally to plaintiff's declaration herein filed, this defendant denies that he is in possession of the real property described in plaintiff's declaration.

3. And for a 3rd plea severally to plaintiff's declaration, this defendant denies that he was in possession of the real property described in plaintiff's declaration at the time of filing suit, and on the 15th day of May, A. D. 1927, and at the present time, and denies that he has been in possession of said described real property at any time between the 15th day of May, 1927, and the present time."

The plaintiff joined issue on each of said pleas. The cause came on to be tried and at the close of the testimony verdict was directed in favor of the defendant.

The undisputed evidence showed that Riddle had not been in actual possession of any of the property involved in the ejectment suit since May 15, 1927; that B. & R. Storage Garage, Inc. had been in possession of the leased premises from May 15, 1927, but that that company had not attempted to exercise any rights of possession or ownership over the property involved in this suit, except insofar as it occupied a building which encroached, as heretofore stated, on the property in litigation.

It is contended that although B. & R. Storage Garage, Inc., was in actual possession of the biulding which encroached upon the property in litigation that Riddle under the lease from Elizabeth J. Smith was adversely claiming the property and that he was in constructive possession through the tenant, B. & R. Storage Garage, Inc.

There was much said in briefs concerning an alleged

assignment of lease by Riddle to MacCaughey, of Mac-Caughey's possession under such assignment and a release of the assignment back to Riddle. The record fails to show any such assignment or any re-lease back to Riddle. The necessary conclusion from the record is that if Riddle is in possession of any part of the property by reason of the encroachment he exercised such possession at the time of the conveyance from MacCaughey to M. & M. Storage Garage, Inc., now being identical with M. & M. Auto Parts Company, and further that if Riddle exercised any adverse claim to the property he exercised that same adverse claim at the time of the conveyance of the lands from MacCaughey to the plaintiff. This being true, the plaintiff could not maintain the suit.

It was held in Coogler vs. Rogers, 25 Fla. 853, 7 Sou. 391:

"Where a conveyance is made of lands which at the time are in the adverse possession of one not a party to the deed, ejectment will not lie in the name of the grantee to such deed, but only in the name of the grantor."

This holding has been followed in a number of Florida cases, more recently in the case of Bacon vs. Feigle et al., 76 Fla. 581, 80 Sou. 518; Wenske vs. Salley, 82 Fla. 224, 89 Sou. 653; Berry et al. vs. Perdido Realty Co., 84 Fla. 134, 93 Sou. 171.

The judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, J., concurs.

ELLIS AND BROWN, J.J., agree to the conclusion.

DAVIS, J., concurs specially.

DAVIS, J., (concurring):—I think that ejectment was the proper remedy and that plaintiff could have properly recovered a judgment in ejectment in a proceeding like this had he alleged in his declaration that the defendant was claiming the property adversely. Dallam vs. Sanchez, 56 Fla. 779, 47 So. 871.

However, plaintiff alleged in his declaration merely that defendant was "in possession of a certain tract or parcel of land", not that defendant "adversely claimed" title to or right to the possession of said tract of land.

Possession, not the adverse claim, was what was put in issue by the plea denying possession and the verdict was properly directed for defendant when plaintiff failed to meet the burden imposed on him by the plea.

That such a plea is a proper mode of defense in an ejectment case where the issues are as they are here cannot be denied under the authorities controlling such matters. Gill v. Graham, 54 Fla. 259, 45 So. 845; Hall v. Florida State Drainage Land Co., 89 Fla. 312, 103 So. 828.

In cases of ejectment, which are peculiarly adapted for testing title, it is highly appropriate always, and absolutely essential to the proper administration of justice in most cases, that the real issues be carefully outlined in the pleadings before trial. This would require a plaintiff to state in his declaration whether he sues because defendant is in possession, or claims adversely, or both stated disjunctives in separate counts so that each can be properly answered.

A mere encroachment by one upon another's property does not necessarily amount to possession. In fact it very frequently does not. Our statute was made to provide for ejectment suits against persons not in possession but who claimed adversely, largely to make ejectment available to test the right of encroachment when claimed to be rightful on the part of defendant. In cases of encroachment all questions of ouster are eliminated since an unauthorized encroachment may be an adverse claim to the extent it is attempted to be justified.

No proceeding is more appropriate than ejectment to try questions arising with reference to disputed encroachments based upon the assertion of legal right by the party encroaching, where plaintiff does not wish to acknowledge

defendant's possession of the tract of land on which the encroachment exists, yet wishes to have the *legal* right, title and interest involved settled on *legal* principles prevailing in courts of law.

BUFORD, C.J., AND WHITFIELD AND TERRELL, J.J., concur.