ORVILLE COX v. C. B. PARTIN, J. C. DODSON and B. A. HODGES.

4 So. (2nd) 673
Division A
Opinion Filed November 12, 1941
Rehearing Denied December 4, 1941

*G. P. Garrett,* for Appellant;
*John H. Wahl,* for Appellees.

PER CURIAM.—Writ of error brings for review judgment of non-suit entered at the close of trial in a suit in ejectment wherein Orville Cox was plaintiff and C. B. Partin, J. C. Dodson and B. A. Hodges were defendants. It involves the same property which was involved in the case of Partin, *et al.* v. Tucker, *et al.,* 126 Fla. 817, 172 Sou. 89, and was also involved in the case of Coward, *et al.* v. Partin, *et al.,* opinion filed at this Term of Court, not yet reported.

The plaintiff claimed title by conveyance from the alleged heirs of J. R. A. Tucker and his wife Sarah

A. E. Tucker, grantors in a deed executed to John F. Hodges, Samuel Hodges and Richard F. Tucker and their successors, Trustees of Pine Grove Baptist Church, on May 20, 1886, and from the alleged heirs of the grantees named in said deed.

The record shows that the deeds of conveyance upon which Cox relies were executed in June, July and October of 1939. It also shows that at the time of the execution of all of such deeds Partin, Dodson and Hodges were in possession of the property involved. That the plaintiff had never been in possession of the property either at the time of or subsequent to the deed of the conveyance so made to him, and that his grantors in such conveyances had likewise not been in possession of the property at the time the conveyances were made or at any time since that time.

The plaintiff's claim of possession appears to be based upon the fact that he was a member of the Church which held the property in the name of its Trustees, the defendants, and that as the Church was in possession of the property he, as a member of the Church, acquired possession which would support ejectment.

So it appears that under the rule stated in Simmons, *et al.* v. Spratt, 20 Fla. 495; Watkins v. Emmerson, *et al.*, 88 Fla. 86, 102 Sou. 10, and Gibbs v. McCoy, *et al.*, 70 Fla. 245, 70 Sou. 86, to the effect that,

"A deed by one to land which is in the adverse possession of another is void as against such adverse claimant.

"Where a conveyance is made of lands which at the time are in the adverse possession of one not a party to the deed, ejectment will not lie in the name of the

grantee to such deed, but only in the name of the grantor.", the plaintiff could not recover in this suit.

Aside from this, the record shows that the plaintiff, in procuring the said deeds, was acting for and in behalf of the plaintiffs in that other suit of Coward, *et al.* v. Partin, *et al.,* and the record further shows that the grantors of the several deeds of conveyance to Cox either never had any title to the property or that, if they had ever had any title, such title as they may have once had has been divested by more than twenty years open continuance and adverse possession held by the defendants or their predecessor Trustees.

On the whole record no reversible error is made to appear and judgment is affirmed.

So ordered.

Judgment affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.